No. 96-174

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

        Plaintiff and Respondent,

v.

ALBERT D. BARTLETT,

        Defendant and Appellant.

FILED

APR 1 - 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Second Judicial District,
                    In and for the County of Silver Bow,
                    The Honorable John W. Whelan, Judge Presiding.

COUNSEL OF RECORD:

        For Appellant:

                William F. Hooks, State Appellate Defender,
                Helena, Montana

        For Respondent:

                Honorable Joseph P. Mazurek, Attorney General;
                Jennifer Anders, Assistant Attorney General,
                Helena, Montana

                Robert M. McCarthy, County Attorney, Butte,
                Montana

Submitted on Briefs: January, 16, 1997
Decided: April 1, 1997

Filed:

_____
                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant Albert D. Bartlett appeals from the January 26, 1996 Judgment of the Second Judicial District Court, Silver Bow County, finding him guilty of criminal possession of dangerous drugs with intent to sell, in violation of § 45-9-103(1), MCA (1993), and sentencing him to twenty years to the Department of Corrections. We affirm.

We consider the following issues on appeal:

1.    Did the District Court violate Bartlett's due process rights by finding him competent to stand trial?

2.    Did the District Court violate Bartlett's right to counsel by failing to appoint counsel immediately upon remand?

3.    Did the District Court violate Bartlett's due process rights when it ordered that the mental health evaluation report be placed in the District Court file?

Factual and Procedural Background

Bartlett was charged with criminal possession of dangerous drugs with intent to sell in December 1993. After his court-appointed attorney withdrew from the case, Bartlett unsuccessfully attempted to retain private counsel. Thereafter, Bartlett indicated that he wanted to represent himself. Following a hearing, the District Court allowed Bartlett to proceed *pro se*. The court appointed standby counsel to assist Bartlett.

At an omnibus hearing, standby counsel requested a psychiatric evaluation of Bartlett

to determine his competency to stand trial and whether he suffered from a mental disease or defect. Bartlett opposed this motion and it was denied by the District Court. Bartlett proceeded to trial and was convicted. At the sentencing hearing, standby counsel presented evidence that Bartlett had previously been diagnosed as having chronic undifferentiated schizophrenic disorder. Bartlett was sentenced to the Department of Corrections for twenty years.

On appeal, Bartlett challenged the District Court's decision to allow him to represent himself at trial. He also challenged the court's ruling denying standby counsel's request for a mental health evaluation. This Court found the latter issue to be dispositive and, finding reversible error, remanded for further proceedings consistent with its opinion. State v. Bartlett (1995), 271 Mont. 429, 898 P.2d 98.

After this Court issued its opinion, but before remittitur had issued, the District Court, *sua sponte*, issued an order for a mental health evaluation of Bartlett pursuant to § 46-14-202, MCA. Bartlett appeared before the District Court with standby counsel and the court informed him that he would be transferred to Warm Springs State Hospital for the evaluation process. While at the state hospital, Bartlett refused to participate in the evaluation. In accordance with § 46-14-206(2), MCA, the mental health evaluator prepared a report which indicated that Bartlett was unwilling to participate and, that in the evaluator's opinion, Bartlett's unwillingness was not the result of a mental disease or defect. The report indicated that the mental health evaluator was aware of Bartlett's previous diagnosis of schizophrenic

3

disorder.

After the evaluation at the state hospital, Bartlett appeared in the District Court with standby counsel for the purpose of determining whether he would submit to another mental health evaluation and whether he wanted to represent himself. Bartlett admitted that his refusal to participate in the mental health evaluation was a conscious choice. The court advised Bartlett that if he continued to refuse a mental health evaluation, the court would find him competent to proceed based on the limited observations of the staff at the state hospital and on the record already before the court from the prior proceedings. Bartlett indicated that he understood this fact. After the court engaged Bartlett in a discussion concerning his ability to represent himself and after Bartlett refused to decide whether to represent himself, the court allowed Bartlett several more days to make his decision.

The hearing was reconvened three days later. When the court asked whether Bartlett wished to have standby counsel as his court-appointed counsel, Bartlett stated that he did not, but that he also did not want to represent himself. As the court was explaining that Bartlett's only choice was between having standby counsel serve as court-appointed counsel or representing himself, Bartlett threatened standby counsel and had to be removed from the courtroom. After Bartlett was removed, standby counsel expressed concerns about Bartlett's competency and requested the court to allow the state hospital to make a determination as to whether Bartlett was competent to proceed. The court took standby counsel's request under advisement and subsequently issued an Opinion and Order appointing new counsel and

4

finding Bartlett competent to stand trial. The court left open the possibility that it would grant a second motion for a mental health evaluation.

During a hearing on pretrial matters, the court informed the defense that it would permit a motion for a mental health evaluation on condition that Bartlett would cooperate. The defense was given four days in which to file a motion for a mental health evaluation.

Defense did not make a motion for a mental health evaluation prior to trial. Bartlett was convicted by jury trial on December 20, 1995 and the District Court sentenced him to the Department of Corrections for twenty years. Bartlett appeals the conviction.

## Discussion

Bartlett alleges that the manner in which the competency evaluation was conducted and the District Court's finding that he was competent to stand trial were in error. He further alleges that the District Court violated his statutory and federal and state constitutional rights by failing to appoint counsel immediately upon remand and by ordering the mental health evaluation report to be placed in the District Court file.

1.    Did the District Court violate Bartlett's due process rights by finding him competent to stand trial?

The standard for determining whether a criminal defendant is fit to proceed to trial is set forth at § 46-14-103, MCA:

> A person who, as a result of mental disease or defect, is unable to understand the proceedings against the person or to assist in the person's own defense may not be tried, convicted, or sentenced for the commission of an offense so long as the incapacity endures.

5

The trial court must determine "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him.'" State v. Santos (1995), 273 Mont. 125, 130, 902 P.2d 510, 513 (citing State v. Austad (1982), 197 Mont. 70, 78, 641 P.2d 1373, 1378)(citing Dusky v. United States (1960), 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825). This Court's standard for reviewing a finding of competence to proceed to trial is whether substantial evidence supports the district court's decision that the defendant was fit to proceed to trial. Santos, 902 P.2d at 513; State v. Statczar (1987), 228 Mont. 446, 456, 743 P.2d 606, 613.

The State argues that Bartlett waived his right to appeal the competency finding as he failed to raise the issue in the court below, thereby denying the District Court an opportunity to correct the error. Normally, failure to raise an issue in the court below waives the issue for purposes of appeal. Section 46-20-104, MCA; § 46-20-701(2), MCA; State v. Swoboda (1996), 276 Mont. 479, 481, 918 P.2d 296, 298. However, as Bartlett argues, a claim of incompetency cannot be waived by the defendant or his attorney. Speedy v. Wyrick (8th Cir. 1984), 748 F.2d 481 (citing Pate v. Robinson (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815). "[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." Robinson, 383 U.S. at 384 (citation omitted)(rejecting the State's claim that accused deliberately waived the defense of competence to stand trial by failing to demand a sanity

6

hearing as permitted under state law). Furthermore, a criminal conviction of a mentally incompetent accused is a violation of substantive due process. Drope v. Missouri (1975), 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103. "[D]ue process requires that a hearing be held whenever evidence raises a sufficient doubt about the mental competency of an accused to stand trial." Griffin v. Lockhart (8th Cir. 1991), 935 F.2d 926, 929 (citing Drope, 420 U.S. at 180; Pate, 383 U.S. at 378) (other citation and footnote omitted). The hearing operates as a safeguard to ensure that an accused is not convicted while incompetent. Griffin, 935 F.2d at 929 (citation omitted). A court's failure to hold a competency hearing when sufficient doubt as to the accused's competency is raised violates the accused's due process rights. Moran v. Godinez (9th Cir. 1994), 57 F.3d 690, 695. The doubt raised as to an accused's competency need not come from the defendant or the defendant's attorney. A court has the duty to order a competency hearing *sua sponte* if the court has reasonable grounds for concluding that there is a good faith doubt as to a defendant's competency. Moran, 57 F.3d at 695; United States v. Warren (9th Cir. 1993), 984 F.2d 325, 329 (citing Chavez v. United States (9th Cir. 1981), 656 F.2d 512, 515). Since the court has an independent duty to ensure that an accused is competent to stand trial, Bartlett could not and did not waive his right to challenge the competency finding on appeal and we will, therefore, address the competency issue.

Bartlett first argues that the District Court lacked jurisdiction to order the mental health evaluation prior to the issuance of the remittitur. Until remittitur is issued, the

Supreme Court, not the district court, retains jurisdiction over the case. See State v. Fertterer (1993), 260 Mont. 397, 399, 860 P.2d 151, 153; § 46-20-706, MCA. However, as the State contends, this Court will not reverse a conviction on the basis of an error, defect, or irregularity which does not affect substantial rights. Section 46-20-701(2), MCA. Because Bartlett has failed to demonstrate how the timing of the court's order violated his substantial rights we decline to find reversible error in the District Court's order of the mental health evaluation prior to issuance of remittitur.

Bartlett next claims that the District Court erred by failing to conduct a competency hearing. Bartlett argues, and we agree, that where a sufficient doubt is raised as to an accused's competency to stand trial, the District Court has a duty to *sua sponte* order a hearing on competency. Moran, 57 F.3d at 695; Warren, 984 F.2d at 329.

After Bartlett refused to cooperate in the mental health evaluation ordered upon remand, the court conducted a pretrial hearing to determine whether Bartlett would cooperate in another mental health evaluation and whether he would represent himself. The court informed Bartlett that it would make a finding of competency based on the limited mental health evaluation and on Bartlett's conduct at the prior trial if Bartlett refused to participate in a second mental health evaluation. Bartlett claims that this hearing did not qualify as an evidentiary hearing on the issue of competency and that the court erred by failing to hold such a hearing.

We reject this contention for two reasons. First, a hearing is necessary only where

8

"sufficient doubt" is raised as to the accused's competency. Drope, 420 U.S. at 180. In the cases cited by Bartlett for this proposition, the courts had before them greater indicia of the accuseds' incompetency than the District Court had before it in the present case. The indicia included the nature of the crimes, past behavior of the accused, and in some cases, the claimed defense of mental insanity. Robinson, 383 U.S. 375 (finding the accused's long history of disturbed behavior, including the previous murder of his infant son, the nature of his crime (point-blank murder of his wife in front of many witnesses), and his defense of insanity as raising "sufficient doubt" as to the accused's competency thereby warranting a hearing); Drope, 420 U.S. 162 (finding the accused's previous attacks on his wife, his attempt at suicide during his trial, and psychiatrists' reports on requisite mental state as raising "sufficient doubt" as to accused's competence thereby warranting a hearing); Speedy, 748 F.2d 481 (finding that the nature and quantum of evidence of incompetence did not raise "sufficient doubt" as to competence so as to require a hearing where the accused's crime was nothing more than a "crime of passion," and the accused's prior bizarre behavior, including a suicide attempt while awaiting trial, was balanced by psychiatrists' findings of competency).

In the instant case, although there were some indicia of incompetence, such as standby counsel's concerns as to whether Bartlett was "grounded enough in reality" to stand trial, her request for a competency evaluation, a prior mental health evaluation indicating a mental disorder, and Bartlett's obstreperous conduct during the pretrial phase of the second

9

proceeding, these indicia are not of the same level of gravity as found in the previously cited cases and, when considered together with the state hospital report indicating that Bartlett's refusal to cooperate was not a result of a mental disease, do not rise to the level of "sufficient doubt" necessary to require a court to *sua sponte* order a competency hearing.

Second, and more importantly, the court offered Bartlett the opportunity to undergo a second mental health evaluation from which the court would determine competency, and continued the hearing for three days to allow Bartlett to decide whether he would cooperate and whether he would represent himself. Additionally, the court later offered newly appointed defense counsel the opportunity to request a mental health evaluation. The defense failed to take advantage of the court's offer.

We hold that 1) the District Court was not presented with sufficient doubt as to Bartlett's competency so as to require a hearing; and 2) even if there were sufficient doubt as to competency requiring the court to *sua sponte* order a hearing, the pretrial hearing that was conducted satisfied that requirement, given Bartlett's unequivocal refusal to cooperate.

Bartlett next claims that the District Court's finding of competency was flawed by its reliance on improper indicia of competency. The District Court based its finding of competency on the following factors: (1) "the limited evaluation/observations of Defendant at Montana State Hospital pursuant to the Court's order for mental examination of Defendant," and (2) "the record which demonstrates Defendant's understanding of the charge against him, his ability to fashion a defense to such charge and his conduct of his own

10

defense during the initial trial of this matter."

When the court directed the state hospital to evaluate Bartlett it instructed that Bartlett's competency to proceed should be assessed along with a determination as to whether Bartlett could have possessed the requisite mental state to commit the crime. The mental health evaluation report indicated that Bartlett refused to participate in the evaluation and that the evaluator believed that his refusal to cooperate was not the result of a mental disease or defect. The report comported with the mandate of § 46-14-206(2), MCA, which provides:

> If the examination cannot be conducted by reason of the unwillingness of the defendant to participate in the examination, the report must state that fact and must include, if possible, an opinion as to whether the unwillingness of the defendant was the result of mental disease or defect.

Bartlett argues that the report failed to separately address competency and that a failure to cooperate may itself be a symptom of mental disorder. Bartlett relies on State v. Bauer (Minn. 1976), 245 N.W.2d 848, 858 (overruled in part on other grounds), for the proposition that it is error to deny further inquiry into an accused's competency based on a "'classic symptom' of a paranoidally psychotic individual, [which is] the refusal to cooperate." In Bauer, the Minnesota Supreme Court set aside a judgment of conviction, in part, because the district court failed to conduct the requisite inquiry into the defendant's competency. While the court recognized that the defendant's refusal to cooperate in a psychiatric evaluation could not be the basis for a finding of competency, it stated that only when the refusal to cooperate was the "result of mental disorder" would the defendant be denied his constitutional rights of due process and fair trial. Bauer, 245 N.W.2d at 858.

11

In the instant case, the state hospital evaluators, apprised of the previous diagnosis of schizophrenic disorder, found that Bartlett's refusal to cooperate was *not* the result of a mental disorder. Therefore, the District Court's reliance on this finding does not contradict the rule in Bauer that a finding of competence based on a defendant's refusal to cooperate, which is the result of a mental disorder, violates the defendant's constitutional rights.

Additionally, the court in Bauer ultimately reversed the conviction, not for the district court's reliance on the defendant's refusal to cooperate as evidence of competency, but for the district court's failure to give appropriate weight to the evidence of incompetency, including the public defender's judgment of incompetence, a cautionary warning from one psychiatrist that although the defendant was presently competent to stand trial his condition may deteriorate during trial, and another psychiatrist's report, issued after the defendant requested another evaluation, finding the defendant incompetent to stand trial. Bauer, 245 N.W.2d at 858. The court also had before it two separate motions regarding competency brought by the public defender during trial and denied by the district court. Bauer, 245 N.W.2d at 852-53.

In the instant case, the court had none of the indicia of incompetence found in Bauer. Additionally, unlike the defendant in Bauer, whose request for further inquiry into the competence issue was refused by the district court, Bartlett failed to raise the competency issue at trial and, furthermore, did not request another mental health evaluation after being *invited* to do so by the court.

Above all, Bartlett's claim that the District Court failed to consider that a failure to cooperate may be a symptom of a mental disorder is without merit because § 46-14-206(2), MCA, incorporates this possibility by providing for a procedure to be followed when a person refuses to participate in a mental health examination. This procedure is not limited to a report on requisite mental state. It applies to the entirety of § 46-14-206(1), MCA, which includes that portion of a report indicating competence to proceed. Section 46-14-206(2), MCA, was designed for the very sort of situation confronted by the District Court. When a defendant refuses to participate in a mental health evaluation, as Bartlett did in the instant case, some procedure must be employed by courts to determine the mental status of the defendant. Section 46-14-206(2), MCA, is that procedure. The evaluator is to make a determination of whether the refusal is a result of a mental disease or defect. The hospital evaluator followed this procedure in making the report on Bartlett. The report states clearly that a "competency assessment interview" that was planned could not be undertaken because of Bartlett's refusal to participate. The evaluator found that "Mr. Bartlett's refusal to cooperate with evaluation procedures was not the result of mental illness, but a conscious decision on his part."

Section 46-14-221, MCA, provides that a report filed under § 46-14-206, MCA, may be relied on by the court to make a determination of a defendant's fitness to proceed where neither the prosecutor or defense counsel contests the findings.

Although standby counsel stated that she felt competency had not been addressed in

13

the report and requested the court to conduct a second mental health evaluation, Bartlett's final court-appointed attorney did not object to the findings of the report nor did the defense accept the court's invitation to request another mental health evaluation.

Pursuant to § 46-14-221, MCA, the court was entitled to rely on the report prepared in conformity with § 46-14-206(2), MCA, in making its finding of competency. Furthermore, although § 46-14-221, MCA, allows the court to rely on the report alone without conducting a separate competency hearing where the findings in the report are not objected to, the court in this case conducted a hearing and gave Bartlett the opportunity to explain his refusal to cooperate and to undergo another mental health evaluation. The court further offered defense counsel the right to seek a mental health evaluation before trial.

Since Bartlett chose not to avail himself of the opportunity to undergo another mental health evaluation, he cannot now complain that the court erred by relying on an inadequate competency evaluation.

If a finding by a mental health evaluator that a defendant's refusal to cooperate in an evaluation was not the result of a mental disease or defect never justifies a finding of competency, then surely more defendants would simply refuse to participate in evaluations, thereby endlessly stalling criminal proceedings against them.

The report issued by the state hospital pursuant to § 46-14-206(2), MCA, allayed any "substantial doubt" the District Court may have had as to Bartlett's competency and provided the court with substantial evidence upon which to base its finding of competency. The

14

District Court did not deny Bartlett his due process right to be tried while competent where Bartlett himself failed to avail himself of the opportunity to provide the court with more evidence upon which to decide the competency question.

Bartlett further alleges that the District Court erred in relying on Bartlett's performance at the first trial and his conduct at the pretrial stage of the second proceedings to find him competent to proceed. Although we recognize the inherent danger in relying on *previous* conduct to determine a person's *present* competency to stand trial, we hold that any error committed by the court in relying on Bartlett's previous behavior was harmless as the court was entitled to rely on the state hospital report alone in its findings of competency.

We hold that the District Court properly relied on the state hospital report in finding Bartlett competent to proceed to trial. Further, although the court was not presented with "substantial doubt" as to Bartlett's competency and thus no hearing on competency was required, the pretrial hearing at which Bartlett was offered, and at which he declined to undergo another mental health evaluation, would satisfy such a requirement given Bartlett's refusal to cooperate.

2. Did the District Court violate Bartlett's right to counsel by failing to appoint counsel immediately upon remand?

Bartlett claims that the District Court violated his constitutional rights to the assistance of counsel when it failed to appoint counsel immediately after remand and before the court ordered the mental health evaluation. The State, relying on § 46-20-701(2), MCA, contends that we need not address this issue since Bartlett did not make a timely objection or argue

denial of right to counsel in the lower court. That approach, however, ignores the fact that the right to counsel issue arises in the context of Bartlett's competency to proceed. As discussed earlier herein, competency to proceed is unique in that it is an issue which need not be raised by the parties. Rather, the court has a *sua sponte* duty to address the issue if there is sufficient doubt as to the defendant's competency to proceed. If there is sufficient doubt as to the defendant's competency, the issue is not obviated by the failure of the defendant to raise the issue or to object. That being the case, it would be incongruous to hold that a defendant whose competency is the subject of inquiry, waived the right to counsel issue by not objecting at the time the court was ordering a mental evaluation. Under the narrow facts presented herein, the issue of right to counsel is inextricably intertwined with the court's *sua sponte* obligation to inquire into competency and thus not subject to the "failure to object" procedural bar of § 46-20-701(2), MCA. Accordingly, we will address the right to counsel issue on its merits.

The right to counsel provided by Article II, Section 24 of the Montana Constitution and the Sixth Amendment to the United States Constitution provides an accused person the fundamental right to assistance of counsel. The right to counsel arises at every critical stage of the proceedings against an accused. A "critical stage" is "any step of the proceeding where there is potential substantial prejudice to the defendant." State v. Finley (1996), 276 Mont. 126, 144-45, 915 P.2d 208, 220 (citing State v. Robbins (1985), 218 Mont. 107, 111, 708 P.2d 227, 231). Bartlett argues that he was prejudiced by the absence of counsel during

16

this "critical" stage of the proceedings in that counsel was not available to discuss the evaluation, the nature and scope of his constitutional rights relative to the evaluation process, or the consequences of his failure to participate in the evaluation. Without answering the question of whether the court's *sua sponte* ordering of the mental health evaluation pursuant to this Court's Opinion in State v. Bartlett constitutes a "critical stage" of the trial, we hold that Bartlett was not prejudiced by the failure to appoint counsel at that stage of the proceedings. Any alleged prejudice suffered by Bartlett was vitiated by the subsequent opportunity to participate in another mental health evaluation with the benefit of counsel's wisdom regarding the process. In Robbins, we held that where no prejudice resulted from a delay in appointment of counsel, the defendant's right to counsel was not violated. Robbins, 708 P.2d at 231.

Additionally, "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded [on appeal]." Section 46-20-701(2), MCA. We therefore hold that the District Court's failure to immediately appoint counsel following remand did not violate Bartlett's right to counsel.

3. Did the District Court violate Bartlett's due process rights when it ordered that the mental health evaluation report be placed in the District Court file?

Bartlett alleges that his due process rights were violated by dissemination of the mental health evaluation report to the court and prosecution. However, Bartlett's attorney did not object to the report's dissemination before or during trial. The alleged error cannot

be raised for the first time on appeal. Section 46-20-104, MCA; State v. Arlington (1994), 265 Mont. 127, 151, 875 P.2d 307, 321. We therefore decline to address this issue.

## Conclusion

We hold that the District Court did not err in finding Bartlett competent to stand trial nor in failing to appoint counsel immediately upon remand.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

18