JUSTICE LEAPHART
dissenting:
¶47 I dissent from our holding that the District Court did not err in failing to hold a hearing to determine Garner’s competence to stand trial.
¶48 The standard for determining whether an accused is competent to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. State v. Austad (1982), 197 Mont. 70, 78, 641 P.2d 1373, 1378. When sufficient doubt is raised as to an accused’s competency to stand trial, the district court has a duty to sua sponte order a hearing on this issue. See State v. Bartlett (1997), 282 Mont. 114, 120-21, 935 P.2d 1114, 1118.
¶49 The record before us clearly indicates there was sufficient doubt as to Gamer’s ability to consult with his lawyer with a reasonable degree of rational understanding.
¶50 Counsel represented to the court that, due to Garner’s medications, he had difficulty dealing with Gamer in the past; that Gamer was “brought down here without his medications” and tbat he went into a sweat; and that when he was under the influence of his medications, Garner was more cooperative than he had ever been. Garner responded to counsel’s representations with, ‘You’re an idiot.” Furthermore, counsel expressed concern about Garner’s competency when he stated: “I had began to raise the issue before about competence, about Mr .-I don’t know.”
¶51 We thus have the presence of three indicia of incompetency: the use and withdrawal of medications; a clear inability to consult with counsel with a reasonable degree of rational understanding; and, finally, counsel’s expressed concern about his client’s competency. Although any one of these indicators standing alone may not be adequate to create a sufficient doubt as to Garner’s fitness to proceed, the three in combination raise a bona fide doubt as to Gamer’s capacity to participate in his trial such that the court, sua sponte, should have held a competency hearing. Bartlett, 282 Mont. at 120-21, 935 P.2d at 1118.
¶52 The Court notes that no other evidence casting doubt on Gamer’s competence was presented to the District Court, such as indications of prior mental competency issues or a potential for insanity. That observation, however, begs the very question at issue. Since there was no competency hearing, it is not surprising that no other evidence of incompetency was presented.
¶53 Failure to hold a competency hearing as to Garner’s competency to stand trial invalidates the remainder of the proceedings, including Gamer’s change of plea after the settling of jury instructions. For that *476 reason, I would also reverse and hold that the District Court abused its discretion by denying Gamer’s motion to withdraw his guilty plea.