No. 02-336

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 226

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

RAYMOND MAKI,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 2001-438,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nathan Hoines, Attorney at Law, Great Falls, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; Micheal S.
Wellenstein, Assistant Attorney General, Helena, Montana

          Brant Light, County Attorney; Mary Ann Ries, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:   August 7, 2003

Decided:   August 24, 2004

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Raymond Maki appeals from his conviction on January 22, 2002, in the Eighth Judicial District Court, Cascade County, finding him guilty of driving under the influence of alcohol. We affirm the conviction.

¶2 The sole issue on appeal is whether the defendant received ineffective assistance of counsel because his counsel failed to file a motion to dismiss.

## BACKGROUND

¶3 On March 21, 2001, Highway Patrolman Myron Dingley saw a car parked off Highway 87 near the Alpha 1 missile access site. Officer Dingley pulled over to do a welfare check and noticed that the driver was slumped over into the passenger seat and that the motor was running. The officer knocked on the window but received no response. He knocked harder, and the driver, who was later identified as Raymond Maki (Maki), sat up and rolled down the window.

¶4 Officer Dingley asked Maki to step out of the car, and as Maki did so, he nearly fell down. Dingley requested Maki to take field sobriety tests, but Maki did not appear to understand what Dingley was saying. Throughout the encounter, Maki seemed confused, off-balance and uncooperative, and he smelled of alcohol.

¶5 Officer Dingley arrested Maki and charged him with driving under the influence of alcohol in violation of § 61-8-401, MCA. Maki appeared *pro se* in Justice Court, filing a motion to dismiss the charge. Relying on statements made to him by a woman at Malstrom Air Force Base who told him that the area in which he was parked was an easement on the

2

missile site, Maki argued that he was not on a "way[] of this state open to the public" as defined by § 61-8-101(1), MCA. The court apparently denied the motion and convicted Maki of the charge. The Justice Court sentenced him to six months in jail, all suspended save one day, plus a $500 fine.

¶6 Maki appealed to the District Court but was again convicted, this time by a jury, and he was sentenced to six months in jail, all suspended save fifteen days, plus a $500 fine.

¶7 Maki now appeals to this Court.

## DISCUSSION

¶8 *Did the defendant receive ineffective assistance of counsel because his counsel failed to file a motion to dismiss?*

¶9 The right to counsel in criminal prosecutions is guaranteed by the United States and Montana constitutions, and ineffective assistance of counsel may impinge the fundamental fairness of the proceeding being challenged. *State v. Henderson*, 2004 MT 173, ¶ 4, 322 Mont. 69, ¶ 4, 93 P.3d 1231, ¶ 4. In considering ineffective assistance of counsel claims, this Court has adopted the two-pronged test articulated by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

3

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *see also State v. Turnsplenty*, 2003 MT 159, ¶ 14, 316 Mont. 275, ¶ 14, 70 P.3d 1234, ¶ 14. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

¶10 We have recently declined to consider ineffective assistance of counsel claims on direct appeal where the record, as here, is silent as to why counsel made his decisions during the criminal proceeding. *See State v. Herrman*, 2003 MT 149, ¶ 33, 316 Mont. 198, ¶ 33, 70 P.3d 738, ¶ 33; *State v. St. John*, 2001 MT 1, ¶ 40, 304 Mont. 47, ¶ 40, 15 P.3d 970, ¶ 40. However, the issue of why Maki's counsel did not file a motion to dismiss is not relevant here because the substantive legal basis of Maki's argument cannot provide relief.

¶11 Maki argues that his trial defense counsel should have filed a motion to dismiss the charge because Maki was not on a "way[] of this state open to the public" as defined by § 61-8-101(1), MCA:

> **61-8-101. Application–exceptions.** (1) As used in this chapter, "ways of this state open to the public" means any highway, road, alley, lane, parking area, or other public or private place adapted and fitted for public travel that is in common use by the public.

Section 61-8-401, MCA, under which Maki was charged, reads as follows:

> **61-8-401. Driving under influence of alcohol or drugs.** (1) It is unlawful and punishable, as provided in 61-8-442, 61-8-714, and 61-8-731 through 61-8-734, for a person who is under the influence of:
> (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public; . . .

4

However, because "ways of this state open to the public" is an element of the offense defined by § 61-8-401, MCA, the issue was before the jury, and Maki had the opportunity to contest the point. He did not need to offer a motion to dismiss to raise this issue. Moreover, the jury necessarily decided as a matter of fact that Maki was on a "way[] of this state open to the public" in order to convict him of the offense charged, though Maki does not challenge this aspect of the jury's conclusion.

¶12   Therefore, Maki was neither prejudiced nor deprived of a fair trial by his counsel's failure to present a motion to dismiss. As an element of the offense, the public roadway question was placed at issue by the trial itself and resolved by the jury. Accordingly, we hold that Maki did not receive ineffective assistance of counsel because his counsel failed to file a motion to dismiss.

¶13   Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM REGNIER