No. 04-092

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 305

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

TIMI FRASURE,

      Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 2002-414-2,
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jane M. Berger, Deputy Public Defender, Great Falls, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

          Brant S. Light, County Attorney; Joel Thompson, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  October 6, 2004

Decided:   November 4, 2004

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Timi Frasure appeals from her conviction for possession of dangerous drugs with the intent to sell. We affirm.

¶2    We restate the issues on appeal as:

¶3    1. Whether counsel was ineffective in failing to file a motion to suppress all the evidence in this case as being the fruit of an illegal search.

¶4    2. Whether the trial court committed reversible error by allowing the officers to give testimony regarding Timi's intent to sell illicit drugs.

### FACTUAL AND PROCEDURAL BACKGROUND

¶5    On September 27, 2002, Officer Baumann of the Great Falls Police Department noticed Garrit Frasure in the passenger seat of a car turning into a restaurant parking lot. Baumann recognized Garrit from previous contacts, and quickly contacted dispatch to check if Garrit had any outstanding warrants. When Baumann discovered that Garrit did have an outstanding warrant, the officer pulled into an alley behind the parking lot and approached him. Baumann noticed that Garrit was very likely under the influence of methamphetamine. He placed him under arrest and asked if he had any drugs on him, to which Garrit gave contradictory responses.

¶6    After approaching Garrit, Baumann moved to the driver's side of the automobile where Garrit's wife, Timi Frasure, sat. Baumann soon discovered that Timi also had an outstanding arrest warrant. He also noticed she was reticent in opening her purse in front of him. Therefore, he arrested Timi as well and transported them to the detention center. He

2

asked them if the police could search the vehicle, but the couple refused to give permission. Thereupon the police impounded the vehicle and obtained a search warrant.

¶7 The search revealed that a purse in the vehicle containing Timi's driver's license and other personal materials belonging to her also contained a Tylenol bottle with three baggies of methamphetamine inside it, another baggie containing marijuana, and two playing cards of the type often used in cutting drugs. The search also found a fanny pack attributed to Garrit containing three baggies of methamphetamine, five baggies of marijuana, and other items related to the production and sale of illicit drugs.

¶8 Both spouses were tried for possession of dangerous drugs with intent to sell. Garrit was tried by a jury and convicted. Timi waived her right to a jury and received a bench trial. Her attorney did not object to the admission of the above evidence. During her trial, Officer Baumann and Officer Brinkman (who assisted with the vehicle search) both testified. In their testimony they stated that based on their experience the amount of methamphetamine Timi was carrying illustrated she had an intent to sell. Timi's attorney objected to these comments. Garrit testified on behalf of Timi and stated that he placed the drugs in her purse when she was not looking once he saw Baumann approaching their vehicle.

¶9 The court found Timi guilty, and she now appeals, claiming that she received ineffective assistance of counsel because her trial counsel did not object to the introduction of evidence, and that the officers' testimony was expert opinion for which the prosecution did not lay an adequate foundation.

**ISSUE ONE**

3

¶10 *Whether counsel was ineffective in failing to file a motion to suppress all the evidence in this case as being the fruit of an illegal search.*

**STANDARD OF REVIEW**

¶11 The right to effective assistance of counsel is guaranteed by the Sixth Amendment of the United States Constitution and by Article II, Section 24, of the Montana Constitution. We have adopted the two-part test of *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, in determining ineffective assistance of counsel claims. *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, ¶ 11, 97 P.3d 1095, ¶ 11. First, the defendant must demonstrate that her counsel's actions fell below an objective level of reasonableness or were defective, and second, establish that there is a reasonable probability the result of the proceeding would have been different if counsel had not performed ineffectively. *Kougl*, ¶ 11. The first prong carries a strong presumption to defer to counsel's actions when they are made for tactical reasons. *Kougl*, ¶ 11.

**DISCUSSION**

¶12 We need only address the first prong of the *Strickland* test. As we have stated in the past, we will only determine that there was ineffective assistance of counsel if such a conclusion can be based upon the record on appeal or if there is no plausible justification for counsel's actions or inactions. *See State v. Jefferson*, 2003 MT 90, ¶ 50, 315 Mont. 146, ¶ 50, 69 P.3d 641, ¶ 50. Furthermore, counsel are not expected to make motions that theoretically might help their clients if the motions lack merit. *State v. Hildreth* (1994), 267 Mont. 423, 432-33, 884 P.2d 771, 777. Timi does not proffer any argument as to how the

4

authorities' acquisition of incriminating evidence was defective.[1]  Since Timi seeks to establish that her counsel was ineffective for not filing a motion to suppress the evidence, she must also establish that there was arguably some merit to such a motion.  She has not done so.

¶13    Since Timi has not established that her ineffective assistance of counsel claim is record based, we dismiss the claim without prejudice to the filing of a petition for postconviction relief.

## ISSUE TWO

¶14    *Whether the trial court committed reversible error by allowing the officers to give testimony regarding Timi's intent to sell illicit drugs.*

## STANDARD OF REVIEW

¶15    When reviewing a district court's evidentiary ruling we ask whether the court abused its discretion.  *Christofferson v. City of Great Falls*, 2003 MT 189, ¶ 8, 316 Mont. 469, ¶ 8, 74 P.3d 1021, ¶ 8.

---

[1]Timi asks that we look to the arguments put forward in her husband's case, which involved the same search, but the cases have not been consolidated.  Furthermore, her own brief contains absolutely no argument regarding the legality of the search.

**DISCUSSION**

¶16 Timi argues that Officers Baumann and Brinkman were allowed to give expert testimony without the prosecution first laying a foundation establishing their qualifications as experts, as required by Rule 702, M.R.Evid. This testimony, Timi contends, was central to the State's case that she had intent to sell the drugs found in her purse. The State responds that the testimony was actually lay opinion governed by Rule 701, M.R.Evid., and was therefore admissible.

¶17 Lay opinion testimony is admissible if "the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Rule 701, M.R.Evid. In applying Rule 701 we have held that police officers may testify to "matters as to which they have extensive experience and are properly qualified through training and experience." *Onstad v. Payless Shoesources*, 2000 MT 230, ¶ 40, 301 Mont. 259, ¶ 40, 9 P.3d 38, ¶ 40 (citing *Hislop v. Cady* (1993), 261 Mont. 243, 249, 862 P.2d 388, 392).

¶18 In this case, the prosecution established that Officers Baumann and Brinkman had extensive training and experience in the methods used in the illicit drug trade and the prices that illicit drugs, such as methamphetamine, generally garner. This provided a sufficient foundation for them to provide lay opinion testimony as to whether it was likely that Timi possessed the drugs with intent to sell. Their testimony was rationally based on their perceptions and helped give a clear understanding of whether Timi had the necessary intent.

Therefore, the requirements of Rule 701 were met, and the District Court was within its discretion in overruling Timi's objection.

## CONCLUSION

¶19 For the forgoing reasons the judgment of the District Court is affirmed.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE