DA 13-0198

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 376

LIONEL SCOTT ELLISON,

       Petitioner and Appellant

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 11-306
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Elizabeth J. Honaker, Honaker Law Firm; Billings, Montana

     For Appellee:

        Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General; Helena, Montana

        Scott Twito, Yellowstone County Attorney, Julie Mees, Deputy County Attorney; Billings, Montana

Submitted on Briefs:  November 13, 2013
Decided:  December 20, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Lionel Ellison pleaded no contest to arson, a felony. He subsequently obtained new counsel and moved to withdraw his no contest plea. The District Court denied his motion to withdraw, which this Court affirmed. *State v. Ellison*, 2009 MT 408N, 354 Mont. 393 (table), 222 P.3d 645 (table). Ellison then petitioned for postconviction relief, alleging ineffective assistance of counsel, and that the District Court misinterpreted the arson statute. The District Court denied Ellison's petition, and he now appeals. We affirm.

## BACKGROUND

¶2 On October 23, 2007, Ellison was charged with arson in violation of § 45-6-103(1)(a), MCA (2005), after a vehicle belonging to Dee Ames sustained fire damage.[1] On April 1, 2008, Ellison appeared with counsel Jeffrey Michael ("Michael") and entered a no contest plea to the arson charge. Ellison also filed an acknowledgement of waiver of rights, which indicated that the State would recommend a five-year suspended sentence pursuant to a plea agreement, but that Ellison could argue for a lesser or deferred sentence.

¶3 During the offer of proof at the change of plea hearing, the prosecutor stated that Ellison damaged a vehicle, and that the value of the vehicle exceeded $1,000. Prior to the hearing, Ellison had obtained an appraisal of the vehicle, which identified its market value as $500. Michael, however, determined that the value of the vehicle was irrelevant

---

[1] Ellison's offense was committed on May 19, 2007, and thus the 2005 Montana Code Annotated applies. *State v. Stoner*, 2012 MT 162, ¶ 12, 365 Mont. 465, 285 P.3d 402 (we apply the law in effect at the time the crime was committed).

2

to the arson charge based upon his interpretation of the statute, and therefore did not object to the prosecutor's offer of proof.

¶4     The prosecutor also proffered that had the State gone to trial it would have presented a surveillance video that showed an individual at the trunk of Ames' parked vehicle shortly before the fire started. The proffer continued that while it was difficult to make out the identity of the individual seen on the video, the video was completely inconsistent with Ellison's version of events. In an affidavit Michael later gave in response to Ellison's petition for postconviction relief, Michael swore that he had reviewed the surveillance video and made the video available to Ellison prior to the hearing. Michael advised Ellison that the surveillance video was inconsistent with Ellison's story and that the State had enough evidence to find Ellison guilty beyond a reasonable doubt at trial. Michael also explained to Ellison that the State had evidence that Ellison offered to pay a potential witness to tell the same story as Ellison about the fire, and that entering a plea to the arson charge would ensure that the State would not charge him with witness tampering. Michael thus determined that the negotiated plea agreement was in Ellison's best interest, and advised him to enter a no contest plea.

¶5     After the change of plea hearing, Ellison substituted Michael with attorney Herbert "Chuck" Watson ("Watson"). Watson then filed a motion to withdraw Ellison's no contest plea, arguing that Ellison did not enter it knowingly and voluntarily. The District Court denied Ellison's motion, finding that Ellison had been aware of the consequences of his decision to enter a no contest plea, and that it was not improperly induced. On May 26, 2009, Ellison was sentenced to five years with all time suspended. Ellison next

3

appealed the denial of his motion to withdraw his no contest plea to this Court and raised the singular issue of whether Ellison's plea was knowingly and voluntarily entered.[2] On November 25, 2009, we affirmed the District Court's ruling.

¶6 In February of 2011 Ellison filed a petition for postconviction relief, followed by an amended petition, arguing that the arson statute only applied to property valued at over $1,000, and since the vehicle at issue was worth less than that, there was no factual basis for his no contest plea. His petition outlined three grounds for relief: 1) the District Court erred by accepting a plea on an insufficient factual basis; 2) Michael provided ineffective assistance of counsel by allowing Ellison to enter a plea for a charge that had an insufficient factual basis; and 3) Watson provided ineffective assistance of counsel for failing to raise the issue of the sufficiency of the factual basis of the arson charge on direct appeal. In an affidavit supporting his petition, Ellison swore that Michael never saw the surveillance video, and that Michael did not make the video available for Ellison to view.

¶7 In its response, the State contended that Ellison's claims were invalid and procedurally barred. It attached affidavits of attorneys Michael and Watson to refute the ineffective assistance of counsel allegations. On March 15, 2013, the District Court denied Ellison's petition on the merits, concluding that pursuant to the plain language of

---

[2] Ellison's grounds for arguing that his no contest plea was not knowingly and voluntarily entered were as follows: there was new exculpatory evidence, the State had lost potentially exculpatory evidence, his plea was induced by a threat to charge him and his mother with witness tampering, and his plea was induced by the misrepresentation that he could receive a deferred sentence.

4

the statute, the value of a vehicle is irrelevant to the charge of arson. The District Court summarized its reasoning for denying the petition:

> Petitioner has failed to demonstrate to this Court that he is entitled to Postconviction Relief. Petitioner entered a knowing and voluntary plea, as determined previously by this District Court as well as the Supreme Court of Montana, waiving all right to challenge nonjurisdictional defects. Regardless, this Court has examined the merits of Petitioner's claim, and found that Petitioner's assertion that the State's offer of proof was insufficient is without merit. Petitioner erroneously interprets the arson statute, arguing that the State was required to demonstrate that the vehicle was valued in excess of $1,000. The plain meaning of the statute proves otherwise. As such, Petitioner cannot demonstrate that the offer of proof was insufficient, nor that his representation was ineffective.

Ellison now appeals the District Court's denial of his petition for postconviction relief.

## STANDARD OF REVIEW

¶8      We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous, and whether its conclusions of law are correct. *Camarillo v. State*, 2005 MT 29, ¶ 8, 326 Mont. 35, 107 P.3d 1265. Ineffective assistance of counsel claims present mixed questions of law and fact that are reviewed de novo. *Miller v. State*, 2012 MT 131, ¶ 9, 365 Mont. 264, 280 P.3d 272.

## DISCUSSION

¶9      Ellison argues on appeal that the District Court erred in its interpretation of the arson statute, and in finding that Ellison's defense counsel did not provide ineffective assistance. Two different attorneys have represented Ellison relative to the arson charge: trial counsel Michael, and appellate counsel Watson. Ellison alleges that both provided

ineffective assistance of counsel. For reasons discussed below, we do not find either of Ellison's arguments convincing.

¶10 ***Whether the District Court Erred in its Interpretation of the Arson Statute***

¶11 The Court's first step in interpreting a statute is to look at its plain language. *State v. Letasky*, 2007 MT 51, ¶ 11, 336 Mont. 178, 152 P.3d 1288. "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. If legislative intent can be determined by the plain meaning of the words, the Court may go no further in applying any other meaning or interpretation. *State v. Booth*, 2012 MT 40, ¶ 11, 364 Mont. 190, 727 P.3d 89 (citing *State v. Stiffarm*, 2011 MT 9, ¶ 12, 359 Mont. 116, 250 P.3d 300).

¶12 Section 45-6-103(1)(a), MCA, states that a person commits the offense of arson when,

> by means of fire or explosives, the person knowingly or purposely . . . damages or destroys a structure, vehicle, personal property (other than a vehicle) that exceeds $1,000 in value, crop, pasture, forest, or other real property that is property of another without consent. [Paragraph break omitted.]

Ellison argues that the District Court erred in concluding that the arson statute clearly and unambiguously states that the $1,000 threshold only applies to personal property. He proposes that "$1,000" modifies all preceding categories of property listed in the statute, including vehicles, and since the fire-damaged vehicle was worth less than $1,000, there was an insufficient factual basis for which to enter a no contest plea to arson.

6

¶13    In considering § 45-6-103(1)(a), MCA, in its entirety, the plain language clearly states that the $1,000 threshold applies only to the category of "personal property," which does not include vehicles.  As the District Court correctly noted, "vehicles are clearly not included in the category of personal property, plainly evidenced by the phrase 'other than a vehicle.'"  Ellison's interpretation of the statute, which he concedes is not supported by case law, is based on a partial reading of the statute which omits all the categories of property that follow "personal property."[3]  Such an interpretation violates our precedent establishing that "statutes must be read and considered in their entirety and the legislative intent may not be gained from the wording of any particular section or sentence, but only from a consideration of the whole." *State v. Heath*, 2004 MT 126, ¶ 27, 321 Mont. 280, 90 P.3d 426 (citing *Home Bldg. & Loan Ass'n of Helena v. Fulton*, 141 Mont. 113, 115, 375 P.2d 312, 313 (1962)).  Ellison's interpretation of the statute also violates § 1-2-101, MCA, because it does not rely on the plain language of the statute, and instead relies on the omission of the remaining categories of property.  *See State v. Cooksey*, 2012 MT 226, ¶ 74, 366 Mont. 346, 286 P.3d 1174; *State v. Gould*, 273 Mont. 207, 219-20, 902 P.2d 532, 540-41; *In re R.L.S.*, 1999 MT 34, ¶ 12, 293 Mont. 288, 977 P.2d 967; *State v. Incashola*, 1998 MT 184, ¶ 13, 289 Mont. 399, 961 P.2d 745; *Schuff v. A.T. Kelmens & Sons*, 2000 MT 357, ¶¶ 115-126, 303 Mont. 274, 16 P.3d 1002.  The statute is clear on its face, and therefore we may go no further in applying any other meaning or interpretation.

---

[3]  Ellison's statutory analysis is premised on only the following portion of § 45-6-103(1)(a), MCA, the remainder of which he presumably omits to make his argument appear tenable: "A person commits the offense of arson when, by means of fire or explosives, the person knowingly or purposely: damages or destroys a structure, vehicle, personal property (other than a vehicle) that exceeds $1,000 in value, . . . without consent."

As such, the District Court did not err in determining that the threshold of $1,000 for property crimes does not apply to vehicles.

¶14     ***Whether the District Court Erred in Finding that Ellison's Attorneys were not Ineffective***

¶15     The right to effective assistance of counsel is guaranteed by both the United States and the Montana Constitutions.  U.S. Const. amend. VI; Mont. Const. art. II, § 24.  A two part test determines when counsel is ineffective.  First, a defendant must show that counsel's performance was deficient.  Counsel is deficient when his or her conduct falls below an objectively reasonable standard measured under prevailing professional norms and in light of the surrounding circumstances.  *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861.  Second, the defendant must also show that the deficient performance prejudiced the defense.  Prejudice occurs when counsel's errors were so serious that they deprived the defendant of a fair trial.  *Wilson v. State*, 1999 MT 271, ¶ 12, 296 Mont. 465, 989 P.2d 813 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2205, 2064 (1984)).  In the context of a guilty plea, a petitioner establishes prejudice by showing that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.  *State v. Henderson*, 2004 MT 173, ¶ 9, 322 Mont. 69, 93 P.3d 1231.  A defendant must satisfy both parts of this test in order to prevail on an ineffective assistance of counsel claim. Thus, if an insufficient showing is made regarding one part of the test, there is no need to address the other part.  *Whitlow*, ¶ 11 .

8

¶16 Ellison bases his ineffective assistance of counsel claims on Michael's and Watson's failure to advance at trial and on appeal, respectively, Ellison's interpretation of "value" in the arson statute. Additionally, Ellison argues that Michael did not review the surveillance video or obtain an expert analysis prior to the change of plea hearing, and that Watson did not raise the issue of the surveillance video on appeal.

¶17 **Value of the Vehicle**

¶18 Ellison maintains that both Michael and Watson were ineffective for not addressing the factual sufficiency of Ellison's no contest plea. He again argues that the fact the vehicle was valued at less than $1,000 means that he could not have been charged with arson pursuant to § 45-6-103(1)(a), MCA. As previously explained, this is an incorrect interpretation of the plain meaning of the statute. A claim of constitutionally ineffective assistance of counsel will not succeed when predicated upon counsel's failure to make motions or objections which, under the circumstances, would have been frivolous, which would have been, arguably, without procedural or substantive merit, or which, otherwise, would likely not have changed the outcome of the proceeding. *Heddings v. State*, 2011 MT 228, ¶ 33, 326 Mont. 90, 265 P.3d 600; *see e.g. State v. Hildreth*, 267 Mont. 423, 432-33, 884 P.2d 771, 777 (1994); *State v. Maki*, 2004 MT 226, ¶¶ 10-12, 322 Mont. 420, 97 P.3d 556; *State v. Frasure*, 2004 MT 305, ¶ 12, 323 Mont. 479, 100 P.3d 1013; *Adams v. State*, 2007 MT 35, ¶¶ 36-37, 336 Mont. 63, 153 P.3d 601; *Foston v. State*, 2010 MT 281, ¶ 13, 358 Mont. 469, 245 P.3d 1103. Because the value of the vehicle is immaterial to the arson charge, it would have been frivolous for either of Ellison's attorneys to object or appeal on this issue. Thus, because Ellison

9

cannot prove that either attorney was deficient in his decisions regarding the value of the vehicle, he cannot establish an ineffective assistance of counsel claim on this basis.

¶19 **Surveillance Video**

¶20 Ellison also argues that Michael was deficient for failing to obtain an expert analysis of the surveillance video prior to the change of plea hearing, and for failing to object to its mention during the prosecutor's offer of proof. Ellison further contends that Watson was deficient for not raising this issue on appeal. Ellison relies on a report by an expert in surveillance systems, obtained in support of his petition for postconviction relief, which states that the surveillance video showed fire and smoke coming from an unidentified vehicle, followed by the appearance of "one and two or even three barely visible" unidentifiable individuals in the vicinity of the fire. The report notes, "it is truly impossible to determine anything even remotely associated with actions taken or intent." Even though the report clearly states that the surveillance video is unreliable due to its quality, Ellison nonetheless relies on the video to corroborate Ellison's version of events.

¶21 Counsel has a duty to conduct reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Dawson v. State*, 2000 MT 219, ¶ 75, 301 Mont. 135, 10 P.3d 49. Here, Michael's decisions not to object to the prosecutor's reference to the surveillance video at the change of plea hearing, or get an expert analysis of the video prior to the hearing, are reasonable under the circumstances. Michael swore in his affidavit that he watched the

video prior to the hearing, and that he explained to Ellison that its contents were damaging to Ellison. The fact that an expert witness later would conclude that the video was not reliable does nothing to establish that Michael's representation fell below an objectively reasonable standard. In fact, it confirms that Michael's decision not to retain an expert in video surveillance was reasonable. Ellison therefore fails to establish that Michael's actions concerning the surveillance video were deficient.

¶22 For the same reasons, Watson's decision not to raise the issue of the video on appeal was also objectively reasonable under the circumstances. Furthermore, it is well established that appellate counsel need not raise every colorable issue on appeal. *Rose v. State*, 2013 MT 161, ¶ 28, 370 Mont. 398, 304 P.3d 387. Our presumption of effective assistance of appellate counsel will be overcome only when "ignored issues are clearly stronger than those presented." *Rose*, ¶ 28. Watson's affidavit states that he believed Ellison had waived all challenges to the sufficiency of the State's offer of proof by entering the no contest plea, and thus chose to argue what he believed was Ellison's strongest argument—that his plea was not knowingly or voluntarily entered. Ellison has presented no evidence that overcomes the presumption that Watson's representation was effective. Thus, Watson's representation of Ellison cannot be deemed deficient.

¶23 Because Ellison cannot establish the deficiency portion of the ineffective assistance of counsel test, we need not proceed with the prejudice analysis. As such, Ellison's ineffective assistance of counsel claims necessarily fail.

## CONCLUSION

¶24    The District Court properly interpreted § 45-6-103(1)(a), MCA, when it found that knowing or purposeful fire damage to a vehicle, regardless of the vehicle's value, constitutes arson.  Therefore, the District Court did not err in its interpretation of the statute.  Additionally, Ellison is unable to prove that either Michael or Watson provided ineffective assistance.  In sum, we affirm the District Court's denial of Ellison's petition for postconviction relief.


/S/ LAURIE McKINNON


We concur:


/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE