FILED

March 8 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0014

DA 15-0014

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 58N

HARLEY HOWARD,

> Petitioner and Appellant,

v.

STATE OF MONTANA,

> Respondent and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2013-252
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Harley Howard, Self-Represented, Deer Lodge, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  February 10, 2016

Decided:  March 8, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On December 17, 2009, a jury in Lewis and Clark County convicted Harley Howard (Howard) of one count of incest against his daughter, D.H. Howard's son, C.H., testified at trial. We affirmed the conviction on appeal. *State v. Howard*, 2011 MT 246, 362 Mont. 196, 265 P.3d 606. Howard then filed a petition for post-conviction relief on March 29, 2013, alleging ineffective assistance of counsel. On November 7, 2014, the District Court denied Howard's petition. Howard appeals the denial of his petition for post-conviction relief. "We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118 (citing *Jordan v. State*, 2007 MT 165, ¶ 5, 338 Mont. 113, 162 P.3d 863). We affirm.

¶3 Howard raises five issues in his brief on appeal: (1) did the State fail to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); (2) were Howard's attorneys constitutionally deficient in their investigation of his case, and was he prejudiced as a result; (3) were Howard's attorneys constitutionally deficient in failing to provide an expert witness, and was he prejudiced as a result; (4) were Howard's

attorneys constitutionally deficient in their investigation of the child witnesses' mental health and competency to testify, and was he prejudiced as a result; and (5) were Howard's attorneys constitutionally deficient in failing to investigate and introduce into evidence alleged incidents of prior sexual abuse of his children, and was he prejudiced as a result?

¶4 Howard raised the ineffective assistance of counsel claims in his petition for post-conviction relief before the District Court. But the first claim, a *Brady* violation claim, is raised for the first time on appeal. Howard now argues that the State suppressed favorable evidence and that his counsel participated in the suppression of evidence by failing to admit it at trial. However, "[a]ll grounds for relief claimed by a petitioner [seeking post-conviction relief] must be raised in the original or amended original petition." Section 46-21-105(1)(a), MCA. We have also "stated on numerous occasions that [we] will not review issues that were not preserved for appeal in the district court." *Ellenburg v. Chase*, 2004 MT 66, ¶ 14, 320 Mont. 315, 87 P.3d 473 (citing *State v. Schmalz*, 1998 MT 210, ¶¶ 11-13, 290 Mont. 420, 964 P.2d 763; *State v. Spotted Blanket*, 1998 MT 59, ¶ 13, 288 Mont. 126, 955 P.2d 1347). Howard's claim that evidence was suppressed in violation of *Brady* was not raised in the original petition and was not preserved for appeal, and accordingly, we will not review it.

¶5 The remainder of Howard's claims are ineffective assistance of counsel claims. In order to establish that his counsel was constitutionally deficient, Howard must show "that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948 (citing

*Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861). An attorney's performance was deficient if his or her "conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Baca*, ¶ 17 (internal quotations omitted) (quoting *Whitlow*, ¶ 20). However, "[w]e indulge a strong presumption that counsel's actions fell within the broad range of reasonable professional assistance, [. . .] and a defendant must overcome the presumption that, under the circumstances, the challenged act or omission might be considered sound trial strategy." *Baca*, ¶ 17 (citing *Whitlow*, ¶ 21). In order to show prejudice, Howard must "demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Baca*, ¶ 17 (citing *State v. Hagen*, 2002 MT 190, ¶ 18, 311 Mont. 117, 53 P.3d 885).

¶6 Additionally, Howard must satisfy the pleading requirements for petitions for post-conviction relief set out in § 46-21-104, MCA. He must identify in his petition "all facts supporting the grounds for relief set forth in the petition and [he must] have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. Thus, "a petition for postconviction relief must be based on more than mere conclusory allegations." *Ellenburg*, ¶ 16. Howard must prove by a preponderance of the evidence that he is entitled to relief. *Ellenburg*, ¶ 12 (citing *State v. Peck*, 263 Mont. 1, 3-4, 865 P.2d 304, 305 (1993)).

¶7 Howard alleges in his first claim of ineffective assistance of counsel that his attorney, Randi Hood (Hood), failed to investigate his theory that his children were coerced by their mother into making the allegations of incest against Howard. Attorneys

4

have a duty to conduct reasonable investigations or to make a reasonable decision not to investigate something. *Riggs v. State*, 2011 MT 239, ¶ 16, 362 Mont. 140, 264 P.3d 693. We assess these decisions "for reasonableness in light of all the circumstances of the case," and we apply "a heavy measure of deference to counsel's judgments." *Riggs*, ¶ 16 (internal quotations omitted).

¶8 Howard asserts in his affidavit that "[t]rial counsel failed to investigate defense strategies," "[s]he did not pursue or investigate [D.H.'s] motive to fabricate," and "[s]he failed to properly investigate and prepare for trial." These statements are conclusory allegations that are not supported by evidence establishing the fact of his attorney's constitutional deficiencies. In contrast, Hood stated in her affidavit that she retained an investigator to interview D.H. and her counselors, that she read and considered the documents and articles furnished to her by Howard, and that she developed and relied at trial on a strategy of arguing that D.H.'s mother had implanted the allegations in D.H.'s mind in an attempt to cut Howard out of their lives. Hood's affidavit demonstrates that she conducted a reasonable investigation, and Howard has not proven by reference to any evidence that his counsel's performance was deficient or that his defense was prejudiced by such a deficiency. The District Court correctly denied Howard's first claim for ineffective assistance of counsel.

¶9 Howard alleges in his second claim of ineffective assistance of counsel that Hood failed to provide an expert witness at trial, and that without a favorable witness "it is impossible for any defendant to receive a fair and impartial trial." Howard did not raise

5

this claim in his petition for post-conviction relief, so he is barred from raising it now on appeal. *Ellenburg*, ¶¶ 14-15.

¶10 Howard alleges in his third claim of ineffective assistance of counsel that Hood failed to investigate his children's mental health issues and their competency to testify. The District Court declined to address the merits of this claim because "[t]he Montana Supreme Court [already] addressed Howard's claim that Hood failed to challenge the competency of his children to testify at trial" in Howard's direct appeal. Indeed, in *State v. Howard*, we devoted six paragraphs of our Opinion to an analysis of Howard's claim that Hood's failure to challenge his children's competency amounted to ineffective assistance of counsel. *Howard*, ¶¶ 23-28. "When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided" in a post-conviction proceeding. Section 46-21-105(2), MCA; *see e.g. Ellenburg*, ¶ 20 (holding that petitioner's claim was barred under § 46-21-105(2), MCA, because the claim was raised on direct appeal). The District Court correctly denied Howard's third claim for ineffective assistance of counsel.

¶11 Howard alleges in his fourth and final claim of ineffective assistance of counsel that Hood failed to investigate and introduce into evidence alleged incidents of prior sexual abuse of his children, and that such evidence would have revealed an alternative source of their knowledge concerning sexual conduct. The District Court found that Howard did not meet his burden to prove ineffective assistance of counsel because under Montana's rape shield law, evidence of a victim's prior sexual abuse is inadmissible,

6

*State v. Weeks*, 270 Mont. 63, 89, 891, P.2d 477, 493 (1995), and "[t]he Montana Supreme Court has repeatedly held that ineffective assistance of counsel claims cannot succeed when based upon counsel's failure to make motions or objections which, under the circumstances, would be without procedural or substantive merit." *See e.g. Heddings v. State*, 2011 MT 228, ¶ 33, 362 Mont. 90, 265 P.3d 600; *State v. Frasure*, 2004 MT 305, ¶ 12, 323 Mont. 479, 100 P.3d 1013; *State v. Hildreth*, 267 Mont. 423, 432-33, 884 P.2d 771, 777 (1994). The District Court concluded that "Hood's assistance cannot be deemed ineffective for failing to raise an issue she knew was unlikely to succeed."

¶12 However, we recently noted in *State v. Colburn*, 2016 MT 41, ___ Mont. ___, ___ P.3d ___, that "[c]onflict can arise between rape shield statutes and a defendant's rights to confront his accuser and to present evidence at trial in defense of the charge against him." *Colburn*, ¶ 24. Since neither the rape shield law nor the defendant's rights to confront his accusers and present evidence are absolute, *State v. Johnson*, 1998 MT 107, ¶¶ 22-23, 288 Mont. 513, 958 P.2d 1182, it is the trial court's responsibility to balance the competing rights of the victim and the defendant, *State v. MacKinnon*, 1998 MT 78, ¶¶ 33-35, 288 Mont. 329, 957 P.2d 23.

¶13 In *Colburn*, we reversed Colburn's conviction and remanded the case for a new trial because the District Court mechanistically applied the rape shield law to exclude evidence of the victim's past sexual abuse without balancing the victim's rights against Colburn's right to present evidence that the source of the victim's sexual knowledge was the similar abuse by another person, in that case her father. *Colburn*, ¶ 29. We relied in that case on the existence in the record of direct evidence that the victim had in fact been

sexually abused by someone other than the defendant. *Colburn*, ¶ 25. *Colburn* differs from the case at bar because in *Colburn*, the evidence of prior abuse was "neither speculative nor unsupported." *Colburn*, ¶ 25. The identity of the prior abuser and a confirmation that abuse had occurred was before the Court. That is not the case here; no evidence in the record indicates that D.H. was sexually abused by anyone other than Howard.

¶14 Given the lack of evidence of prior abuse in the record, any testimony regarding possible prior sexual abuse of D.H. likely would have been inadmissible pursuant to Rule 602 of the Montana Rules of Evidence, which precludes a witness from testifying to a matter of which he or she has no personal knowledge. Further, given that Howard did not present records or other evidence in the PCR proceeding establishing that such abuse occurred, we will not deem counsel ineffective for failing to investigate and introduce evidence of "alleged incidents" of prior sexual abuse. Howard has failed to prove by a preponderance of the evidence that Hood's representation in this respect was constitutionally deficient. Hood's decision not to pursue such speculative and unsupported testimony at trial is not constitutionally defective representation, but rather a "sound trial strategy." *Baca*, ¶ 17. The District Court correctly denied Howard's fourth claim for ineffective assistance of counsel.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16    Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE