FILED

09/08/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0100

DA 20-0100

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 228N

LIONEL SCOTT ELLISON,

    Appellant and Petitioner,

v.

STATE OF MONTANA,

    Appellee and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause Nos. DV 19-1330 and
                DC 07-0907
                Honorable Matthew J. Wald, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Lionel Scott Ellison, Self-Represented, Deer Lodge, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
            Attorney General, Helena, Montana

            Scott D. Twito, Yellowstone County Attorney, Julie Mees, Deputy County
            Attorney, Billings, Montana

                                Submitted on Briefs:  July 22, 2020

                                        Decided:  September 8, 2020

Filed:

_____
                Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Lionel Scott Ellison appeals the December 31, 2019 order of the Thirteenth Judicial District Court denying his petition for post-conviction relief. Ellison argues the District Court erred in determining that his petition was time-barred and in concluding that he failed to introduce new evidence establishing that he did not engage in the actual criminal conduct for which he was convicted. Because the District Court's conclusions of law were correct, we affirm.

¶3    Ellison pleaded no contest to felony arson, in violation of § 45-6-103, MCA, on April 1, 2008. He appealed, asserting that the District Court erred in denying his motion to withdraw his plea. We affirmed his conviction. *State v. Ellison*, No. DA 09-0305, 2009 MT 408N, 2009 Mont. LEXIS 560 ("*Ellison I*"). Ellison then sought post-conviction relief, asserting that he received ineffective assistance of counsel and that the District Court misinterpreted the arson statute. We again affirmed. *Ellison v. State*, 2013 MT 376, 373 Mont. 159, 315 P.3d 950 ("*Ellison II*"). Ellison filed a second post-conviction relief petition on September 17, 2019, claiming that the State obtained his arson conviction

through "fraud upon the court" and by misrepresenting material evidence. The District Court held that the petition was time-barred.[1]

¶4 We review a district court's denial of a petition for post-conviction relief to determine whether its conclusions of law are correct. *Mascarena v. State*, 2019 MT 78, ¶ 4, 395 Mont. 245, 438 P.3d 323. Appellate courts do not address issues raised for the first time on appeal. *State v. Akers*, 2017 MT 311, ¶ 10, 389 Mont. 531, 408 P.3d 142. Further, "[w]e do not consider unsupported arguments; nor do we have an obligation to formulate arguments or locate authorities for parties on appeal." *Herman v. State*, 2006 MT 7, ¶ 22, 330 Mont. 267, 127 P.3d 422.

¶5 Once Ellison's conviction became final, he had one year to file a petition for post-conviction relief. Section 46-21-102(1), MCA. A conviction becomes final when, if an appeal is taken to the Montana Supreme Court, "the time for petitioning the United States [S]upreme [C]ourt for review expires." Section 46-21-102(1)(b), MCA. "Section 46-21-102(2), MCA, creates an exception to the general [one-year limit] and extends the filing deadline where the petitioner alleges newly discovered evidence establishing the petitioner's innocence." *Mascarena*, ¶ 6. "If the new evidence meets the statutory standard, the petitioner may file a claim more than one year after the conviction became final." *Mascarena*, ¶ 6. The new evidence, if proved and when viewed in light of the evidence as a whole, must establish that the petitioner did not engage in the

---

[1] The District Court also ordered that Ellison obtain leave of court before filing anything else under Yellowstone County Cause Number DV 19-1330. Ellison does not challenge that order, and we do not disturb it.

3

criminal conduct of which he was convicted. *Wilkes v. State*, 2015 MT 243, ¶ 15, 380 Mont. 388, 355 P.3d 755 (citing *Marble v. State*, 2015 MT 242, ¶ 36, 380 Mont. 366, 355 P.3d 742). A petitioner has one year from the discovery of this evidence, or from when the evidence reasonably should have been discovered, to file the petition. Section 46-21-102(2), MCA.

¶6 We affirmed Ellison's conviction November 25, 2009. Ellison did not petition the United States Supreme Court for review. Accordingly, his underlying conviction became final 90 days later, on February 23, 2010. *See* Sup. Ct. R. 13. Ellison filed his second petition for post-conviction relief on September 17, 2019, well after the statutory deadline. The District Court correctly concluded that Ellison's petition is time-barred.

¶7 To overcome the time bar, Ellison must show newly discovered evidence that demonstrates he did not engage in the arson to which he pleaded no contest. Ellison attached eight exhibits to his petition, arguing to the District Court, as he does on appeal, that the exhibits proved his innocence. The District Court determined, however, that much of the evidence in question was not "newly discovered" because this Court previously considered it in *Ellison I* or *Ellison II* or because Ellison possessed, or reasonably should have known of, this evidence for over a year. The court determined further that much of the evidence was either irrelevant to Ellison's arguments or merely recited Ellison's own claims and memories regarding the underlying arson charge.

4

¶8     We agree with the District Court and address Ellison's exhibits in turn[2]: Exhibit One is an expert witness report by State Video Expert Douglas McShane regarding the surveillance video of the underlying arson. We discussed both the video and this report in *Ellison II*, ¶¶ 20-23; it is not new evidence.

¶9     Exhibit Two consists of Montana State Hospital's ("MSH") psychiatric evaluation of Ellison and the Billings Clinic's July 2010 examination of Ellison. Included in the exhibit is a July 2016 order from the Sixth Judicial District Court releasing the MSH evaluation to Ellison. Ellison therefore had possession of this evaluation for several years before filing the current petition. The Billings Clinic examination is not relevant to Ellison's guilt or innocence, was known to him since its creation, and was released to him on November 28, 2016. Neither can be considered new evidence.

¶10    Exhibit Three is a note allegedly from a gang member hired to abduct and assault Ellison. According to Ellison, this note references events occurring in 2010, after Ellison had pleaded guilty to the arson charge in 2008. It does not demonstrate that Ellison did not commit the underlying arson.

¶11    Exhibit Four is an affidavit from Deborah Harriss dating back to 2007 or 2008. This affidavit was "Exhibit A" in Ellison's Brief in Support of Motion to Withdraw Guilty Plea in the underlying arson case and thus is not new evidence as required

---

[2] In his reply brief, Ellison argues for the first time that two "newly released" transcripts, containing what he believes to be exculpatory evidence, also should be considered. As stated above, we do not consider arguments not raised in the trial court. Regardless, the transcripts were attached to Ellison's Brief in Support of Motion to Withdraw Guilty Plea in the underlying arson case and thus are not new evidence.

5

under § 46-21-102(2), MCA. Exhibit Five is a print-out of an online vehicle history report for a 1986 Ford Thunderbird; the date next to the URL evidences it was printed in 2010. It is not new evidence, nor does it demonstrate that Ellison did not commit the arson.

¶12 Exhibit Six contains Ellison's affidavit from June 2013 and Ellison's chronology of the events surrounding the arson charge. As the District Court explained, Ellison's own claims and memories are not "newly discovered evidence." This exhibit fails to demonstrate that Ellison did not actually commit the offense. *See State v. Graham*, 2002 MT 237, ¶ 14, 311 Mont. 500, 57 P.3d 54 ("[Petitioner's] own exculpatory statements do not qualify as newly discovered evidence and are not sufficient to establish his actual innocence").

¶13 Exhibit Seven consists of a pair of Montana News Association articles from 2012, neither of which demonstrates that Ellison did not commit the arson. Exhibit Eight is a photocopy of § 45-6-103, MCA (2013). We addressed Ellison's argument concerning interpretation of this statute in *Ellison II*; the statute is not evidence, nor is it new.

¶14 Finally, we decline to consider those claims and arguments Ellison raises for the first time in his briefs on appeal.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court correctly concluded that Ellison failed to produce new evidence establishing that he did not

engage in the criminal conduct of which he was convicted, as required by § 46-21-102(2), MCA. Its order denying Ellison's petition as time-barred is affirmed.

/S/ BETH BAKER

We Concur:

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

Justice Ingrid Gustafson did not participate in the decision of this matter.