JUSTICE SHEA
delivered the Opinion of the Court.
¶1 Theron James Blake appeals an order of the Tenth Judicial District Court, Fergus County, denying his motion to dismiss charges against him. We address:

Whether the District Court prejudiced Blake when it conducted an in-chambers conference in Blake’s absence.

¶2 We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 On January 9, 2013, the State of Montana filed an Information charging Blake with eight offenses: seven sex offenses involving three alleged victims—two minors, B.S. and L.L., and one adult, K.L.—and one offense of tampering with evidence. Blake pled not guilty to all eight charges, and a trial was scheduled for June 25, 2013. Less than one week before trial, the State filed several motions, seeking to: (1) add a witness, (2) exclude certain evidence from trial, and (3) amend the Information as to form. Also just before trial, the State provided discovery that included a 911 recording, a Montana Crime Lab report, and police reports of two witness interviews, one of whom was an alleged minor victim. On June 21,2013, Blake filed a motion to dismiss the case with prejudice, contending that the State’s motions were untimely, that the State committed “violations of discovery by disclosing information, exculpatory and otherwise, less than one week before trial,” and that this information would have impacted Blake’s plea negotiations. That same afternoon, the District Court conducted an emergency in-chambers conference. Blake did not appear at the conference. His counsel appeared telephonically. When asked whether she had any concerns about Blake not being present at the conference, Blake’s counsel stated: “if we reach a point where I believe he needs to be present I will alert the Court.” During the conference, the District Court vacated the June 25,2013 trial date and continued the jury trial *409 to August 26, 2013. After the conference, the District Court issued a written order continuing the trial to August 26, 2013. The District Court also issued a written order denying Blake’s motion to dismiss, ruling that Blake’s counsel waived Blake’s right to be present at the June 21, 2013 hearing, and finding that the continuance mooted Blake’s complaints regarding the State’s late-filed discovery disclosure.
¶4 The District Court held a jury trial from August 26 through 29, 2013. The jury found Blake guilty of three offenses: one count of sexual assault of L.L. and two counts of sexual assault of B.S. On November 25, 2013, the District Court sentenced Blake to fifty years at Montana State Prison for each of the three convictions. The District Court also designated Blake as a Level II sex offender and required him to complete Phases I and II of sex offender treatment in prison. Blake appeals the District Court’s order denying his motion to dismiss, claiming that he was prejudiced by his absence at the June 21, 2013 emergency hearing, and that his convictions should therefore be reversed and remanded for a new trial.
STANDARD OF REVIEW
¶5 “We exercise plenary review over constitutional questions, including alleged violations of a criminal defendant’s right to be present at critical stages of the proceedings against him.” State v. Wilson, 2013 MT 70, ¶ 9, 369 Mont. 282, 297 P.3d 1208.
DISCUSSION
¶6 Whether the District Court prejudiced Blake when it conducted an in-chambers conference in Blake’s absence.
¶7 Under both the Montana Constitution and the United States Constitution, a defendant has the right to be present at all “critical stages” of the criminal proceedings against him. Wilson, ¶ 11. A critical stage includes “any step of the proceeding where there is potential for substantial prejudice to the defendant.” State v. Charlie, 2010 MT 195, ¶ 40, 357 Mont. 355, 239 P.3d 934 (citation omitted). The right to be present thus attaches “whenever the defendant’s presence ‘has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.’ ” State v. Reim, 2014 MT 108, ¶ 36, 374 Mont. 487, 323 P.3d 880 (quoting Charlie, ¶ 40).
¶8 In determining whether a district court violated a defendant’s right to be present, we typically consider: (1) whether the defendant was excluded from a critical stage of the proceedings; (2) whether the defendant waived his right to be present at the critical stage; and (3) whether the defendant was prejudiced by his absence. State v. Price, *410 2009 MT 129, ¶¶ 23-24, 350 Mont. 272, 207 P.3d 298. In this case, we conclude that Blake was not prejudiced by his absence from the emergency conference; therefore, we do not consider the initial questions of whether the conference constituted a critical stage or whether Blake validly waived his right to be present. See Price, ¶ 25. We will assume for the purposes of our analysis that the conference constituted a critical stage, and that Blake did not validly waive his right to be present. See Price, ¶ 25.
¶9 Prejudice to the defendant is presumed if the error is structural in nature. See Charlie, ¶ 40. “Structural defects are constitutional violations which so infect and contaminate the framework of a trial as to render it fundamentally unfair, requiring automatic reversal.” Charlie, ¶ 40. In Charlie, the defendant argued that the district court violated his right to be present at a critical stage because he was absent from a telephonic conference in which the parties agreed to continue his trial to allow his counsel time to review a newly-discovered videotape introduced by the State. Charlie, ¶ 37. We held that, although the conference was a critical stage, the violation of Charlie’s right to be present was not structural. Charlie, ¶ 41. Similarly, in Price, further discussed below, we held that a defendant’s absence from eleven in-chambers conferences throughout his trial was not structural when “In loth mg that occurred at the conferences concerned or affected the framework within which Price’s trial proceeded or necessarily rendered the trial fundamentally unfair.” Price, ¶ 33. Here, as in Charlie, the sole purpose of the emergency conference was to discuss scheduling and ensure the parties had sufficient time to prepare for trial given the late-filed discovery. Blake’s absence from the conference was not a structural error because it was not a “constitutional violation[] which so infect[ed] and contaminated] the framework of a trial as to render it fundamentally unfair.” Charlie, ¶ 40; accord Price, ¶ 33.
¶10 When the violation of a defendant’s right to be present at a critical stage is not structural, we apply a harmless error analysis under which the State has the burden to demonstrate that there is no “reasonable possibility” that the defendant’s absence from the critical stage caused him prejudice. Charlie, ¶ 41. “Where the record shows that the defendant was not prejudiced, we have affirmed.” Price, ¶ 24 (citing State v. Godfrey, 2009 MT 60, ¶ 25, 349 Mont. 335, 203 P.3d 834). In Price, the defendant argued that he was prejudiced by his absence from several conferences in which the district court excluded certain evidence and one conference in which the district court removed a juror. Price, ¶¶ 21, 34. We held that Price’s absence from the *411 conference during which the court removed a juror did not cause him prejudice because the juror knew a key defense witness and indicated that she would view that witness’s testimony with skepticism. Price, ¶ 40. We further held that Price was not prejudiced by his absence at the conferences during which the district court excluded evidence because the evidence was properly excluded, and Price’s presence would not have changed that determination. Price, ¶¶ 41-43. In Charlie, we held that the defendant was not prejudiced because, “[b]y postponing the trial date in order to ensure that Charlie’s counsel had time to review the videotape, the District Court and all parties were acting to protect Charlie’s right to a fair trial.” Charlie, ¶ 46.
¶11 At the time of the conference, Blake’s trial was just four days away. The District Court stated that the purpose of the conference was not to address substantive matters, but rather to ensure the parties had sufficient time to prepare for trial. The Court indicated that it was inclined to continue the trial until late August or early September to allow Blake to complete discovery, but was receptive to comments from both parties. Blake’s counsel responded that, while the District Court’s concerns were legitimate, “[w]e will not waive speedy trial and we did not ask for a continuance of the trial.” The State requested that the District Court give Blake’s case priority if it did continue the trial due to speedy trial concerns and the fact that Blake was incarcerated while awaiting trial. In his motion to dismiss, Blake claimed that having sufficient time to review the new evidence was critical to his case. Blake’s trial was held within the speedy trial deadline, and he has not alleged that his right to a speedy trial was violated. As in Charlie, by postponing the trial date so that Blake’s counsel had time to review the newly-disclosed evidence, all parties were acting to protect Blake’s right to a fair trial. See Charlie, ¶ 46.
¶12 Moreover, at no point during the conference did the District Court or any of the parties discuss the substance of the late-filed discovery or its impact on the case; the evidence was discussed only to the extent that it impacted the trial schedule. Although Blake contends that he was denied the opportunity to argue that the late disclosure of evidence impacted his plea negotiations, the District Court did not allow the parties to argue the merits of the evidence or of Blake’s motion to dismiss. As in Price, Blake’s presence would not have changed the District Court’s consideration of that issue. Therefore, there was no reasonable possibility that Blake’s absence from the emergency conference caused him prejudice. Finally, because Blake was not prejudiced by his absence from the conference, his counsel’s waiver of his right to be present could not have prejudiced him.
*412 CONCLUSION
¶13 We affirm the District Court’s decision and order.
CHIEF JUSTICE McGRATH, JUSTICES COTTER and RICE concur.