Chief Justice Mike McGrath delivered the Opinion of the Court.
***246 ¶1 Ronald Fermin Mascarena appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, dismissing his petition for postconviction relief without an evidentiary hearing. We affirm.
¶2 We restate the issue on appeal as follows:
*324 Whether the District Court erred when it dismissed Mascarena's petition for postconviction relief.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 In 1999, Mascarena pleaded guilty to felony Partner or Family Member Assault (PFMA) and was required to register as a violent offender. In 2007, Mascarena was charged with failure to register as a violent offender, a felony. He entered a plea of nolo contendere and was sentenced to three years to the Department of Corrections, all suspended. Mascarena's sentence was subsequently revoked in August 2009, and again in October 2009. In February 2011, Mascarena filed a ***247 petition for an out-of-time appeal to this Court concerning his failure to register conviction, alleging extraordinary circumstances justified his untimely appeal. This Court granted the petition. However, the appeal was ultimately dismissed on September 20, 2011, when the appeal was deemed frivolous. On September 2, 2015, Mascarena filed a petition for postconviction relief. On December 20, 2016, the District Court dismissed the petition without a hearing, concluding Mascarena's claims were time barred and finding no equitable grounds to extend the deadline. Mascarena appeals.
STANDARD OF REVIEW
¶4 We review a district court's denial of a petition for postconviction relief to determine whether that court's findings are clearly erroneous and whether its conclusions of law are correct. Walker v. State , 2003 MT 134, ¶ 36, 316 Mont. 103, 68 P.3d 872. A petitioner seeking to reverse a district court's denial of a petition for postconviction relief "bears a heavy burden." State v. Cobell , 2004 MT 46, ¶ 14, 320 Mont. 122, 86 P.3d 20.
DISCUSSION
¶5 Whether the District Court erred when it dismissed Mascarena's petition for postconviction relief .
¶6 A person convicted of an offense who has no adequate remedy of appeal but claims that a sentence was imposed in violation of Montana law or their constitutional rights may petition for postconviction relief. Section 46-21-101, MCA. An individual petitioning for relief pursuant to § 46-21-101, MCA, must file his or her claim "within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA. For purposes of this statute, a conviction becomes final when the time for appeal to this Court expires, the time for petitioning the United States Supreme Court for review expires, or, if review is sought in the United States Supreme Court, on the date that that Court issues its final order in the case. Section 46-21-102(1), MCA. Section 46-21-102(2), MCA, creates an exception to the general rule and extends the filing deadline where the petitioner alleges newly discovered evidence establishing the petitioner's innocence. If the new evidence meets the statutory standard, the petitioner may file a claim more than one year after the conviction became final. Guillen v. State , 2018 MT 71, ¶ 13, 391 Mont. 131, 415 P.3d 1.
¶7 Mascarena's petition falls far outside the one-year deadline enunciated in § 46-21-102(1), MCA. His conviction became final on ***248 December 19, 2011, upon expiration of time to appeal this Court's September 20, 2011 order to the United States Supreme Court in accordance with § 46-21-102(1)(b), MCA. Sup. Ct. R. 13.1. Therefore, Mascarena had one year, or until December 18, 2012, to file a petition for postconviction relief pursuant to § 46-21-102(1), MCA. Mascarena's petition was not filed until September 2, 2015, almost three years after the deadline expired.
¶8 The State argues that this Court's acceptance of Mascarena's out-of-time appeal does not change the fact that Mascarena's conviction became final one year after his opportunity for direct appeal to this Court expired pursuant to § 46-21-102(1)(a), MCA. Under this theory, Mascarena's failure to register conviction would have become final on July 1, 2008. We disagree with the State's analysis. The United States Supreme Court, in interpreting a comparable federal statute, addressed this issue in Jimenez v. Quarterman , 555 U.S. 113, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). The Court held that a state appellate court's order granting an out-of-time *325 appeal restores the pendency of the direct appeal; therefore, the date the defendant's out-of-time appeal becomes final is the controlling date. Jimenez , 555 U.S. at 121, 129 S.Ct. at 686. A plain reading of § 46-21-102(1)(b), MCA, supports the same conclusion and provides that when "an appeal is taken to the Montana supreme court," a conviction becomes final when the time for petitioning the United States Supreme Court for review expires. When Mascarena's out-of-time appeal was granted and this Court considered his claims on the merits, an appeal was "taken to the Montana supreme court." Section 46-21-102(1)(b), MCA. Regardless, Mascarena's petition is time barred under either analysis.
¶9 In the District Court, Mascarena asserted that although the District Court has no record of the filing, he submitted a timely petition for postconviction relief in May 2012. The District Court noted, "there is no record of Mascarena filing any type of post-conviction relief action in regard to DC 070163 in May 2012 or at any time thereafter." On appeal, Mascarena contends that the District Court erred in dismissing his petition as untimely without allowing evidentiary development because records from the Cascade County Regional Prison will establish that he first filed his petition in May 2012. The District Court records definitively confirm that Mascarena did not file a petition for postconviction relief in May 2012. No prison records could establish that the District Court received the alleged petition.
¶10 Mascarena attempts to proceed under the newly discovered evidence exception found in § 46-21-102(2), MCA, which provides:
A claim that alleges the existence of newly discovered evidence ***249 that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.
¶11 Mascarena asserts that when he was sentenced in 2000 for the PFMA, the Judge explicitly stated Mascarena would not be required to register as a violent offender, despite the statutory requirement providing otherwise. Mascarena argues this is "new evidence, or at least a new rendering" because he has a new witness-the attorney who represented him on the PFMA charge-who is willing to corroborate the Judge's statements.[1] This evidence does not fall under the newly discovered evidence exception delineated in § 46-21-102(2), MCA, because Mascarena was aware of these facts when he was charged with failure to register.
CONCLUSION
¶12 Accordingly, the District Court correctly determined that Mascarena's petition for postconviction relief is time barred under both § 46-21-102(1) and (2), MCA, and it did not err when it dismissed his petition without a hearing.
¶13 Affirmed.
We Concur:
DIRK M. SANDEFUR, J.
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.
JIM RICE, J.

The petition for postconviction relief Mascarena filed with the District Court was vague and did not cite this alleged newly discovered evidence with specificity. Although the District Court was not given the opportunity to address this evidence below, we have decided to include it in the present analysis.