DA 20-0585

FILED

02/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0585

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 28N

DONNIE LEE STANDLEY,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Sweet Grass, Cause No. DV 20-17
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Donnie Lee Standley, Self-Represented, Shelby, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

      Patrick Dringman, Sweet Grass County Attorney, Daniel M. Guzynski,
Special Deputy County Attorney, Helena, Montana

Submitted on Briefs:  December 14, 2022

Decided:  February 14, 2023

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Donnie Standley appeals the Sixth Judicial District Court's denial of his petition for postconviction relief. The District Court found that Standley did not sufficiently support a claim that his trial and appellate counsel provided ineffective assistance, that the State committed prosecutorial misconduct, or that the District Court abused its discretion. Standley is procedurally barred from most of his claims because he abandoned them by not briefing them on appeal, raised them for the first time on appeal, or should have raised them in his direct appeal. After a thorough review of the record, we agree with the District Court that the claims Standley is not barred from bringing are without merit. We affirm.

¶3 The State charged Standley with Incest, in violation of § 45-5-507, MCA, in April 2016 based on events that occurred on the night of his daughter K.V.'s eleventh birthday. Prior to living with her father, K.V. lived with her mother Jamie in Billings. When K.V. was nine years old she moved in with her father and his then-wife Michelle Nedens. K.V.'s mother was in treatment at the time due to struggles with substance dependency. After Standley and Michelle separated, K.V. returned to Billings to live with her maternal

2

grandparents. Standley took K.V. to Reed Point when her maternal grandfather passed away shortly after K.V. finished fourth grade.

¶4 In Reed Point, Standley and K.V. lived with Standley's biological father Lee Greeno and his wife Teri in a double-wide trailer. The trailer had three bedrooms, but Standley and K.V. shared a room, sleeping on the same futon at night. Standley told K.V. that he might do "stuff in his sleep" but, at the time, K.V. had no idea what Standley meant.

¶5 K.V. celebrated her eleventh birthday with a small party in Reed Point. That night, K.V. remembers waking up to someone pulling her pants down. She rolled over to see Standley's silhouette above her. Standley licked her genital area and penetrated her with his finger causing her to feel pain. K.V. hit him and told him to get away. Standley lay down and remained next to K.V. on the futon for the rest of the night. The following day, Standley told K.V. not to tell anyone about what had happened, explaining that he could go to prison. For the remainder of K.V.'s time spent living with Standley in the trailer, they shared a bedroom and slept together on the futon.

¶6 After her mother finished treatment, K.V. told her what had happened. Jamie renewed her custody battle against Standley, and K.V. left his care. When K.V. was fourteen, after extensive therapy, she filed a police report regarding what happened to her on the night of her eleventh birthday. In May 2017, the District Court held a jury trial— by then K.V. was eighteen years old. Standley's theory at trial was that he did touch K.V. in her pelvic area, but that it was a "mistake" because he thought that K.V. was his ex-wife Michelle. The jury found Standley guilty of incest.

3

¶7	Standley moved pro se for a new trial, arguing that his counsel provided him with ineffective assistance. The District Court appointed Standley new counsel after trial counsel agreed there had been a breakdown in communication affecting the attorney-client relationship. Standley's new counsel renewed the motion for a new trial based on ineffective assistance. After the District Court denied this motion, Standley moved to substitute his counsel with a third public defender. The Office of the Public Defender denied Standley's request, and the court found no cause for a substantive hearing on the matter. The District Court sentenced Standley to one hundred years in prison with seventy-five years suspended and a twenty-five-year parole eligibility restriction.

¶8	Standley, through appointed appellate counsel, filed a direct appeal to this Court. He argued that the District Court committed plain error by failing to instruct the jury on the appropriate mental states for each element of his offense and that his trial counsel was ineffective by not objecting to the jury instructions and by not submitting the appropriate jury instructions. We concluded that the jury instructions were appropriate and correct; therefore, Standley's counsel was not ineffective. *State v. Standley*, 2019 MT 204N, ¶¶ 6, 10, 397 Mont. 553, 455 P.3d 445.

¶9	Standley filed a timely petition pro se for postconviction relief. Standley raised four categories of claims in his petition, each with numerous sub-parts. First, Standley argued that his trial counsel failed in various areas of trial strategy, particularly in his failures to call witnesses and introduce evidence. Second, Standley argued that his appellate counsel provided ineffective assistance by not raising every complaint Standley deemed necessary

4

on direct appeal. Third, Standley claimed that the State committed several acts of prosecutorial misconduct, including misleading the court and jury, tampering with evidence, and presenting false evidence. Fourth, Standley argued that the District Court abused its discretion throughout his case, particularly in its handling of the jury instructions. The District Court denied Standley's petition, and he timely appealed.

¶10 "We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and whether its legal conclusions are correct." *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387 (citing *Rukes v. State*, 2013 MT 56, ¶ 8, 369 Mont. 215, 297 P.3d 1195). We discuss additional standards of review as applicable to each of Standley's specific arguments.

¶11 The District Court determined that Standley did not comply with the requirements of § 46-21-104, MCA, when he filed his petition. The court found that Standley did not provide affidavits, evidence, or sufficient authority to support his arguments. The District Court held also that Standley waived some of his claims by not addressing them on direct appeal. We review the District Court's decision to deny Standley's petition in the following order: (1) Standley's claims of ineffective assistance of appellate counsel, prosecutorial misconduct, and judicial abuse of discretion; (2) Standley's claims of ineffective assistance of trial counsel; (3) Standley's claim that the District Court committed plain error; and (4) Standley's claim that he should be allowed to amend his petition.

*Standley's claims of ineffective assistance of appellate counsel, prosecutorial misconduct, and judicial abuse of discretion*

¶12 Standley claims ineffective assistance of appellate counsel, various forms of prosecutorial misconduct, and judicial abuse of discretion. The District Court denied these claims because Standley did not provide sufficient legal analysis or citation to support his contentions. Further, the District Court reviewed its record to conclude that Standley's claims in these areas did not have merit. In his Opening Brief to this Court, Standley provides no analysis or citation to support his claims regarding ineffective assistance of appellate counsel, prosecutorial misconduct, or judicial abuse of discretion. It is not our obligation to "develop legal analysis that may lend support" to a party's position. *State v. Whalen*, 2013 MT 26, ¶ 32, 368 Mont. 354, 295 P.3d 1055 (citations omitted). Standley argues that, because we review de novo claims for postconviction relief, he should not need to argue on appeal all the claims in his petition. A party abandons issues on appeal that the party does not brief, and we do not address these issues. *Skinner v. Allstate Ins. Co.*, 2005 MT 323, ¶ 9, 329 Mont. 511, 127 P.3d 359. Standley abandoned these claims; we will not review them.

*Standley's claims of ineffective assistance of trial counsel*

¶13 The majority of Standley's Opening Brief to this Court argues his extensive claims regarding ineffective assistance of his trial counsel. The District Court found that Standley did not support these allegations with legal analysis, legal citations, or evidence in his petition. Standley argues that he did provide sufficient support for his claims because he

6

attached affidavits to his petition, including statements from his adopted father and stepmother, a counselor that spoke with K.V. and him together after the incident, and his friend.

¶14 On appeal, Standley takes issue with the following restated and summarized acts of his counsel: (1) errors in trial strategy by not calling certain witnesses and "fail[ing] to investigate and present evidence"; and (2) "failure[s] to make objections" both before and during trial.

¶15 We review ineffective assistance of counsel claims de novo. *Rose*, ¶ 15 (citation omitted). To establish that counsel provided ineffective assistance, a petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Hagen v. State*, 1999 MT 8, ¶ 10, 293 Mont. 60, 973 P.2d 233 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). When assessing the claimed deficient performance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Whitlow v. State*, 2008 MT 140, ¶ 15, 343 Mont. 90, 183 P.3d 861 (quoting *Strickland*, 466 U.S at 689, 104 S. Ct. at 2065). Counsel's deficient performance, if established, prejudices a defendant's case if "a reasonable probability exists that the result of the proceeding would have been different." *Weaver v. State*, 2005 MT 158, ¶15, 327 Mont. 441, 114 P.3d 1039. A petitioner must prove both of these prongs; if one prong is not satisfied, we need not consider the other. *See Whitlow*, ¶ 11.

7

¶16 When we consider claims of ineffective assistance of counsel in postconviction relief proceedings, "it often is necessary to determine whether such claims are properly before the court[.]" *Hagen*, ¶ 11. We bar ineffective assistance of counsel claims from postconviction review if the claims are "record-based" because these claims should have been brought on direct appeal. *Hagen*, ¶ 12 (citing § 46-21-105(2), MCA). "A claim is record-based if the record fully explains *why* counsel took the particular course of action." *State v. Herman*, 2008 MT 187, ¶ 15, 343 Mont. 494, 188 P.3d 978 (internal quotations and brackets omitted) (emphasis in original). When ineffective assistance of counsel claims "cannot be documented from the record in the underlying case, those claims must be raised by petition for postconviction relief." *Hagen*, ¶ 12.

¶17 We first consider Standley's claims that his trial counsel provided ineffective assistance when they failed to call certain witnesses to testify or to bring certain evidence to the attention of the jury. Several of these contentions are not properly before this Court.

¶18 Standley wanted to present testimony from Laura Seitz, the social worker who first spoke to K.V. regarding the incident. Standley's counsel informed the trial court that he did not intend to call Seitz as a witness because she could not recall her involvement in K.V.'s case, rendering her testimony speculative or irrelevant. Because the record reveals why counsel chose not to call Seitz to testify, Standley could have raised this claim on direct appeal, and we decline to address it. *See Hagen*, ¶ 12. Standley also argues ineffective assistance of counsel because Kelly Kukes, the counselor who met with K.V. and Standley, provided remote testimony via telephone rather than appearing in-person at

8

Standley's trial. Reflected in the transcript of proceedings, Standley's counsel requested that the court allow remote testimony from Kukes for a medical reason. This too is a record-based issue that Standley should have raised on direct appeal; we decline to address it now. *See Hagen*, ¶ 12.

¶19 Standley argues that his counsel should have called a sleep expert to testify on his behalf. But Standley abandons this argument on appeal by not briefing the issue. We therefore decline to review it now. *See Skinner*, ¶ 9. Standley argues also that his counsel should have called his adopted father Roy Standley and his stepmother Diane Standley as witnesses. This Court will not entertain claims for the first time on appeal that were not raised in a petition for postconviction relief. *Sanders v. State*, 2004 MT 374, ¶ 16, 325 Mont. 59, 103 P.3d 1053. Standley did not claim in his petition that his counsel should have called Roy or Diane to testify. We accordingly do not entertain this argument now. *Sanders*, ¶ 16.

¶20 Standley argues that K.V.'s mother and Robert Schaub should have been called to testify. We do not find explicit reasoning for counsel's decision not to call Jamie or Robert to testify. Some ineffective assistance claims predicated upon counsel's failure to investigate and prepare a defense may not be record-based, allowing them to be brought via postconviction relief. *Hagen*, ¶¶ 21-22 (citing *Fitzpatrick v. State*, 194 Mont. 310, 318, 638 P.2d 1002, 1007 (1981)). We have held consistently, however, that counsel's decisions related to presenting a case constitute trial strategy, and we decline to find counsel ineffective for their tactical decisions. *Weaver* ¶ 25 (citation omitted). We conclude that

Standley's trial counsel decided not to call these two witnesses as sound trial strategy. Even assuming that it was deficient not to call these witnesses, Standley has not provided sufficient argument that he was prejudiced by their absence. *See Weaver*, ¶ 15. Standley has not demonstrated what Jamie or Robert would have said that would have been admissible and in his favor.

¶21 At bottom, most of the testimony Standley alleges his lawyer should have offered would not have been helpful to Standley's defense that his sexual contact with K.V. was accidental touching that occurred in his sleep, based on mistaken identity. His defense was based on Standley's own admissions—not on the theory of a setup by K.V.'s mother or a story K.V. made up. Standley has not stated a claim that his trial counsel's decisions were unreasonable under prevailing professional norms. *See Whitlow*, ¶ 14.

¶22 Standley argues that his counsel should have introduced evidence at trial, including K.V.'s "false claims" to police that Standley harassed her, photographs depicting a different residence that he at one point shared with K.V., photographs of his ex-wife at the time of the offense, evidence that his second ex-wife did not want him to have custody of their shared children, a deposition reflecting that he was "threatened" into abandoning his parental rights, Facebook messages he sent to K.V.'s boyfriend, and various other evidence he sent to his counsel, such as Google Maps pictures and alleged text messages. Of these arguments, Standley references in his petition only K.V.'s "false claims," the photographs of his living arrangements, the Facebook messages, and the deposition. We decline to review the remainder of Standley's evidentiary concerns because he raises them for the

10

first time on appeal. *See Skinner*, ¶ 9. Regarding the Facebook messages and the deposition at issue, both appear within the trial court record and should have been raised on direct appeal. We decline to review these claims. *See Hagen*, ¶ 12.

¶23 Regarding the remaining evidentiary issues— K.V.'s claims to police that he harassed her and the photographs of a residence that he and K.V. shared— Standley has failed to demonstrate that he suffered prejudice from the absence of this evidence at trial. The State presented unrefuted evidence that Standley admitted to touching K.V. in her pelvic area and that Standley told K.V. not to tell anyone about this incident. Standley now broadly claims that the jury would have reached a different result if jurors had heard all the evidence he wished to bring. In light of the evidence the State presented and the conduct he acknowledged, Standley has failed to meet his burden to show a reasonable probability that the jury would have reached a different result based on Standley's postconviction claims. *See Weaver*, ¶ 21.

¶24 Standley's remaining ineffective assistance of counsel claims reference his counsel's failure to object to testimony at trial, failure to seek suppression of evidence before and at trial, failure to object to jury instructions at trial, and failure to bring different jury instructions at trial. These claims are all record-based and therefore barred from review, as they should have been raised on direct appeal. *See Hagen*, ¶ 12.

*Standley's claim that the District Court committed plain error*

¶25 Standley alleges on appeal that the District Court committed plain error when it read the jury its final instructions outside of Standley's presence. Standley argues that this

11

violated his right to be present at each critical stage of trial and that if he had been present, he could have objected because the jury instructions were not transcribed into the record.

¶26 We invoke plain error review "on a case-by-case basis, according to narrow circumstances, and by considering the totality of the circumstances." *State v. Williams*, 2015 MT 247, ¶ 16, 380 Mont. 445, 358 P.3d 127. Criminal defendants alleging plain error must demonstrate that the error implicated a fundamental right and that not reversing the error would result in a "manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process." *State v. Akers*, 2017 MT 311, ¶¶ 13, 17, 389 Mont. 531, 408 P.3d 142.

¶27 "Under both the Montana Constitution and the United States Constitution, a defendant has the right to be present at all 'critical stages' of the criminal proceedings against him." *State v. Blake*, 2016 MT 212, ¶ 7, 384 Mont. 407, 377 P.3d 1213 (quoting *State v. Wilson*, 2013 MT 70, ¶ 11, 369 Mont. 282, 297 P.3d 1208). "A district court's violation of a defendant's right to be present does not constitute automatic reversible error." *State v. Price*, 2009 MT 129, ¶ 24, 350 Mont. 272, 207 P.3d 298 (citation omitted). When the record demonstrates that defendants were not prejudiced by their absence during proceedings, we affirm. *Price*, ¶ 24.

¶28 The record reflects that Standley was present for the reading of the final jury instructions. A review of the court minutes reveals that "defendant and counsel" were present outside the presence of the jury to discuss a proposed instruction by the State directly before the court read the final jury instructions. The next minute entry notes that

12

the jury reentered the courtroom and the court read the final instructions. The record does not indicate that Standley left the courtroom or that there was an interceding recess from which Standley might not have returned before the court read the final jury instructions.

¶29 Even assuming Standley's absence, Standley has not provided a compelling argument that he was prejudiced. Standley argues that if he were present, he would have objected to the court reporter not transcribing the jury instructions. The final jury instructions are present within the record; transcribing them was not required. Standley also argues that he was prejudiced because had he been present, he would have known that he needed to correct the "improper" jury instructions regarding the mental state elements of the charges. This Court reviewed on direct appeal Standley's claims that his jury instructions were improper; we found no error in the jury instructions. As Standley has failed to prove he was prejudiced, he has not shown reversible error. *See Price*, ¶ 44.

*Standley's claim that he should be allowed to amend his petition*

¶30 Standley argues that the District Court erred by not allowing him to amend his petition. Standley moved the court to appoint counsel to assist Standley in amending his petition for postconviction relief after the State responded to his petition. The District Court did not appoint counsel after it reviewed the record and determined that Standley's claims had no merit. Standley did not file a motion in the District Court to amend his petition, and he has not established on appeal that the interests of justice required the court to appoint counsel to assist him in doing so. Section 46-21-201(2), MCA.

¶31 Petitioners bear the burden of proving by a preponderance of the evidence that they are entitled to postconviction relief. *Miller v. State*, 2012 MT 131, ¶ 14, 365 Mont. 264, 280 P.3d 272. A district court may dismiss the petition if "the files and records of the case conclusively show that the petitioner is not entitled to relief[.]" Section 46-21-201(1)(a), MCA. After a thorough review of the record, we agree that it conclusively demonstrates that Standley is not entitled to postconviction relief on his claims of ineffective assistance of counsel, prosecutorial misconduct, or judicial abuse of discretion.

¶32 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

14