FILED

09/09/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0513

DA 24-0513

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 205N

DONNIE LEE STANDLEY,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
                    In and For the County of Sweet Grass, Cause No. DV-20-17
                    Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Donnie Lee Standley, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

          Patrick Dringman, Sweet Grass County Attorney, Daniel Guzynski, Special Deputy County Attorney, Big Timber, Montana

                        Submitted on Briefs:  July 9, 2025

                               Decided:  September 9, 2025

Filed:

                    _____
                               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Donnie Lee Standley (Standley) appeals the August 1, 2024 order of the Sixth Judicial District Court denying his second or subsequent request for post-conviction relief (PCR).  Standley argues the District Court erred in determining that his petition was time-barred and in concluding he failed to introduce new evidence.

¶3    This is Standley's third appeal related to his incest conviction. *See State v. Standley*, 2019 MT 204N, 397 Mont. 553, 455 P.3d 445 (*Standley I*) and *Standley v. State*, 2023 MT 28N, 411 Mont. 391, 524 P.3d 75 (*Standley II*).  On April 6, 2016, Standley was charged with incest.  Following jury trial, the jury found Standley guilty of incest.  Standley was sentenced to 100 years in prison with a 25-year parole restriction.  Standley appealed his conviction asserting plain error review was necessary for the district court's failure to instruct the jury on the requisite mental state and also argued ineffective assistance of trial counsel for failing to object to the district court's jury instructions and for failing to submit the proper mental state instruction.  On August 20, 2019, this Court declined to invoke plain error review and concluded the district court "fully and fairly instructed the jury, and thus the claimed error has not implicated a fundamental right nor is the Court convinced that failure to review the claimed error would result in a manifest miscarriage of justice,

2

leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process." *Standley I*, ¶ 6. Standley then filed a pro se petition for PCR on April 14, 2020, raising claims of ineffective assistance of counsel (IAC) as to his trial and appellate counsel, prosecutorial misconduct, and various abuses of discretion by the district court. Following the State's response, the District Court dismissed Standley's petition for PCR. Standley again appealed and on February 14, 2023, this Court affirmed the District Court's denial of his PCR petition. *Standley II*, ¶ 31. As Standley did not seek certiorari of this denial to the U.S. Supreme Court, his original PCR petition became fully adjudicated.

¶4 On April 19, 2024, over a year after we affirmed the District Court's denial of Standley's PCR petition, he filed a Notice of Intent to Amend Post-Conviction in the district court. On August 1, 2024, the District Court issued an order concluding the evidence Standley asserted in his Notice was evidence "that would have been available during the year after his conviction became final, and is therefore, not newly discovered." The District Court then concluded that Standley raised "no grounds for relief in his Notice that could not have reasonably been raised in his original petition. *See State v. Root*, 314 Mont. 186, ¶ 12, 64 P.3d 1035." Standley appeals this order.

¶5 We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings are clearly erroneous and whether its conclusions of law are correct. *Mascarena v. State*, 2019 MT 78, ¶ 4, 395 Mont. 245, 438 P.3d 323. When seeking to reverse a district court's denial of a petition for post-conviction relief, a petitioner bears a heavy burden. *Mascarena*, ¶ 4.

3

¶6    Once Standley's conviction became final, he had one year to file a petition for post-conviction relief. Section 46-21-102(1), MCA. A conviction becomes final when, if an appeal is taken to the Montana Supreme Court, "the time for petitioning the United States [S]upreme [C]ourt for review expires." Section 46-21-102(1)(b), MCA. Section 46-21-102(2), MCA, provides for an exception to the general one-year limit and extends the filing deadline where a petitioner asserts newly discovered evidence that shows petitioner's innocence. *Mascarena*, ¶ 6. The new evidence, if proved and when viewed in the light of the evidence as a whole, must show that the petitioner did not engage in the criminal conduct for which he was convicted. *Mascarena*, ¶ 6; *Wilkes v. State*, 2015 MT 243, ¶ 15, 380 Mont. 388, 355 P.3d 755. A petitioner has one year from the discovery of this evidence, or from when the evidence reasonably should have been discovered, to file the petition. Section 46-21-102(2), MCA.

¶7    Standley's conviction became final on November 18, 2019—90 days after this Court issued its opinion on Standley's direct appeal on August 20, 2019. He timely filed his original PCR petition on April 14, 2020. The District Court considered the petition, denied it, Standley appealed that denial, and on February 14, 2023, this Court affirmed its denial in *Standley II*. At no time during the proceedings on Standley's original PCR petition did Standley seek to amend his petition nor did he seek review of the denial with the U.S. Supreme Court. Thus, his original PCR petition became fully adjudicated May 15, 2023, 90 days after issuance of *Standley II*. On April 19, 2024, Standley filed a Notice of Intent to Amend Post-Conviction in the District Court. It is unclear if Standley intended this document to be his PCR petition or if he intended to file an additional document. Even

4

if Standley's Notice of Intent to Amend Post-Conviction were treated as an actual petition, despite his attempt to characterize it as an amendment, it would not be an amendment to his fully adjudicated original PCR petition but rather a second or subsequent PCR petition, as no amendment was sought or made in that proceeding.

¶8 Pursuant to Section 46-21-105(1)(b), MCA, "[t]he court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition." Thus, unless Standley could show newly discovered evidence showing his innocence that could not have been raised on direct appeal or in his original PCR petition, a subsequent PCR petition would be precluded as untimely and successive. Section 46-21-105(1)(b), MCA. The District Court correctly determined Standley's Notice of Intent to Amend Post-Conviction did not meet this standard and was thus untimely and successive.

¶9 In addition to again asserting IAC on the part of his trial and appellate counsel in his Notice of Intent to Amend Post-Conviction, Standley also asserted the State delayed charging him until the Department of Public Health and Human Services records were expunged, withheld a medical examiner's report incongruent with the State's theory of the case, and violated his due process rights by denying his presence at every critical stage of the trial and by not requiring the court reporter to transcribe the jury instructions. Standley had full opportunity to raise all trial and appellate IAC claims in his original PCR petition and his assertions regarding IAC are not newly discovered evidence showing his innocence. This Court considered the same delay of prosecution claim in Standley's

5

original PCR petition and concluded Standley had abandoned this claim by not briefing it on appeal. *Standley II*, ¶ 12. This allegation is not new and is not based on newly discovered evidence showing Standley did not engage in the criminal conduct for which he was convicted. Likewise, in his original PCR petition, Standley asserted that there had to have been a medical examination conducted the first time the victim mentioned digital penetration, but the State failed to enter any documentation showing physical evidence consistent with penetration—thus inferring the State withheld such evidence. This allegation is also not new and is not based on newly discovered exonerating evidence. As to the lack of presence issue, such issue clearly could have been raised by Standley at trial and on direct appeal of his conviction, and it does not constitute newly discovered exonerating evidence. Finally, the transcription issue is also not newly discovered exonerating evidence. It could have been raised at trial or, alternately if not known about during trial, upon his direct appeal.[1] The District Court correctly treated Standley's Notice of Intent to Amend Post-Conviction as a second or subsequent petition pursuant to § 46-21-105(1)(b), MCA, and properly denied it.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

---

[1] The transcription issue has morphed somewhat on appeal with Standley now asserting the State "doctored" or changed the transcripts. If this far-fetched claim were capable of being shown, it could have been shown at the time of direct appeal when transcripts were available.

6

¶11    Affirmed.

                                                   /S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ JIM RICE